**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Randy PETERS, Defendant-Appellant.**

**No. 51848.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 12, 1987.

Motion for Rehearing and/or
Transfer Denied
June 9, 1987.

Application to Transfer Denied
July 14, 1987.

---

**2.** Plaintiff's motion to dismiss defendants' appeal and motion for damages for frivolous appeal are denied.

Susan Lynn Hogan, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant stands jury convicted and court sentenced on three charges, robbery first degree, a class "A" felony, § 569.020 RSMo 1978, assault first degree, a class "A" felony, § 565.050 RSMo 1978, and armed criminal action, a class "A" felony, § 571.015 RSMo 1978. Defendant was sentenced by the court to serve a term of life imprisonment on each charge. The sentences are consecutive to one another. Defendant's only claim of error on the charge of robbery first degree is that the court erred on the day the trial was to begin in denying a continuance and that the resulting life sentence was too severe. The error for failure to grant continuance relates to all three charges. Defendant claims the court committed plain error in submitting assault first degree because the evidence failed to establish that appellant attempted to cause serious physical injury and that only superficial injuries were sustained by the victim. He also contends that because the assault first degree charge must fail then the armed criminal action must also fail. Finally, he contends that three consecutive life sentences are disproportionate when the gravity of the crimes are compared to the harshness of the penalty and because the trial court demonstrated a prejudice against defendant when imposing sentence.

We view the evidence in a light most favorable to the verdict, affording the state all reasonable inferences and ignoring contrary inferences. *State v. Brown*, 660 S.W.2d 694, 699 (Mo. banc 1983). From this perspective we look to the statement of facts made by defendant and the record at trial.

On January 1, 1983, defendant cooperated with Michael Welker for the purpose of stealing a quantity of marijuana. For this purpose defendant appeared to arrange a sale of one pound of marijuana possessed by Darin Howell. In furtherance of the arrangement defendant directed Howell and another, Kevin Ralls, to a remote wooded area where they met Welker who was to pay Howell $1200 for the marijuana. Welker produced a gun and threatened Howell and Ralls while defendant used a small knife to disable the left rear tire of the vehicle in which defendant, Ralls, and Howell drove to the scene. Howell produced a gun and fired a shot at Welker. Defendant then jumped on Howell's back and put a knife to Howell's throat. Defendant

threatened to cut Howell's throat if he, Howell, did not drop the gun. Howell fired a second shot at Welker. During a struggle Howell sustained three stab-type wounds to the back and other lacerations to the neck, chest and right eye. Ralls and Howell escaped.

The only evidence for the defense consisted of defendant's testimony. He denied any plan to rob Howell. Ralls denied having a knife, and, denied stabbing Howell.

Before addressing errors relating to the merits we first consider the circumstances in which the court denied a continuance. The crimes charged occurred in 1983. Defendant was arrested for the charges in January, 1985. He was represented by a public defender at trial. He is represented by a special public defender for purposes of this appeal. On motion of defendant the original trial judge disqualified himself and a change of venue was granted from Cape Girardeau County to Perry County where the case was subsequently tried on May 13, 1986. On April 11, 1986, defendant filed pro se motions to dismiss his counsel, for a hearing on this motion within five days, and a motion to disqualify Judge Murphy. The docket sheet furnished with the legal file does not reflect that these motions were filed, but the motions indicate they were received on April 11, 1986, by the circuit clerk. Defendant's counsel filed a motion to withdraw on April 17, 1986, and as a ground therefore alleged that defendant had filed a similar motion.

On the day of trial, May 13, 1986, the court made a finding that defendant was a prior offender under § 558.016.2 RSMo 1978. The trial court also made the following finding and order: "The def. makes an oral motion for a continuance and takes up also his written motion for a psychiatric examination and after oral arguments the court does deny his request on motions as the court is convinced the def. is insisting on any course of conduct that would delay his trial as he has filed numerous pro se motions to hopefully delay his trial."

■ We find no error in refusing the continuance. The request was not in writing as required by Rule 24.09 nor was there an affidavit in support. On the present facts the insufficiencies are significant. Defendant wanted paid counsel to conduct his defense in lieu of the public defender. He first noticed the court of this intention approximately one month before trial by a pro se motion. However, the record does not disclose that he was ever capable of or would ever have been able to secure private counsel. At most, he argues that his family had secured "most of the money necessary to hire private counsel." The absence of a written motion and an affidavit in support is determinative on these facts because the oral motion was not supported by any evidence that private counsel was available. On February 5, 1986 the trial was set for May 13, 1986. Defendant was thereby accorded more than 90 days to find private counsel. None appeared. It is not necessary for us to strictly enforce Rule 24.09 because we find no abuse of discretion in denying defendant's oral motion for continuance. *State v. Nave*, 694 S.W.2d 729, 735 (Mo. banc 1985). Further, we find no claim that defendant was prejudiced by the denial of a continuance. We find that he was not.

■ We further find no merit in defendant's claims that the state failed to make a submissible case on the charge of assault first degree and the subordinate claim that because the state failed to make a submissible case of the charge of assault first degree the conviction for armed criminal action must fail. Defendant's position is not supported by the record. The specific claim is that the state failed to prove that defendant attempted to cause serious physical injury to Darin Howell and at most, caused superficial injuries which were not life threatening. This contention fails for several reasons. First, § 565.050 RSMo 1978 defines assault first degree to be one in which the defendant "attempts to kill *or knowingly causes* or attempts to cause serious physical injury to the person of another." (emphasis ours) Defendant here argues only that proof failed because "the state failed to establish beyond a reasonable doubt that appellant attempted to cause serious physical injury to Darin How-

ell." This argument ignores the further provision of the definition of assault first degree that defendant is responsible for knowingly causing serious physical injury. The element of attempt is not involved if serious physical injury is charged and proven. Mr. Howell testified that he was stabbed twice in his spinal column, once in the shoulder, cut across his neck and finally he was stabbed in the head, which caused a scar across the top of his head. He further testified that he is a free bleeder and sustained considerable loss of blood, before he was able to receive medical treatment. A doctor testified that the stab wounds to the back were approximately an inch and one-half deep. The evidence supports a finding of serious physical injury. We deny defendant's claims on sufficiency of evidence.

What remains is a claim that three consecutive life sentences on these facts and these charges is both disproportionate when the gravity of the crime is compared with the harshness of the penalty and a product of trial court prejudice.

■ On the matter of the harshness of the total penalty we are bound by the holding of our Supreme Court in *State v. Repp*, 603 S.W.2d 569, 571 (Mo. banc 1980) and like cases. The Supreme Court has clearly held, "[a] punishment within statutory limits cannot as a matter of law be held cruel and unusual when the statute authorizing the punishment is not invalid ... ; when punishment is imposed within the range prescribed by statute, it cannot be judged excessive by the appellate court...." *State v. Repp*, 603 S.W.2d at 571. On this issue the Supreme Court has spoken and we are bound. Article V, § 2 Missouri Constitution.

On the second issue of trial court prejudice in imposing sentence defendant directs our attention to comments made during the sentencing on July 2, 1986. Before sentencing the trial court inquired about some pretrial pro se motions. Questions by the trial court were directed to defendant and forthrightly answered. Defendant had help from a fellow prisoner who was not favored by the trial court. Thereafter, the trial court extended an invitation to defendant to say anything he wanted in regard to the motion for new trial. The trial court recalled certain evidence regarding Howell and observed that he could have died and that it had concluded that defendant was a "pretty dangerous fella and that you just don't have much regard for human life or whatever and I'd be doing a disservice to the community and everyone else to give you anything but a pretty stiff sentence." Subsequently, the trial court commented that the co-prisoner who had assisted defendant was kind of a nuisance. On this record appellant argues that the trial court's analysis of the evidence was inaccurate as it related to the sentencing process. Defendant again argues that Howell was never in danger of death, that he left the hospital after a three hour visit which implies that injuries were minor. However, defendant acknowledges that the court's conclusion about defendant's absence of regard for human life was based upon a two prior convictions, one for a misdemeanor assault in 1971 and a second for felony assault in 1979.

■ Even if we accept defendant's argument, and we need not, we reject defendant's conclusion. These charges involved a transaction involving a planned armed robbery during a sale of a controlled substance. Defendant threatened Howell with death. He committed the crime of assault in the first degree by seven stab wounds. The charges were not the first criminal charges faced by defendant. He previously was convicted for a misdemeanor assault and a felony assault. The matters argued by defendant do no reflect that the trial court was prejudiced against appellant in imposing sentence.

Judgment affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.