**STATE of Missouri, Respondent,**

v.

**James JENNINGS, Appellant.**

**No. 55067.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 11, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1989.

Application to Transfer Denied
Nov. 14, 1989.

David Earl Woods, Poplar Bluff, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Appellant was found guilty of assault, § 565.050 RSMo. 1986, and armed criminal action, § 571.015, by a jury in Cape Girardeau, Missouri, on January 28, 1988, and sentenced as a Class X offender to consecutive terms of 20 and 10 years. We affirm.

On May 6, 1987, a witness saw appellant in a stolen Honda Civic with a stolen rifle in front of a pawn shop. A uniformed deputy sheriff pursued appellant in a marked patrol car, ordered appellant to stop, and then rammed appellant's car forcing it off the highway. A gun fight ensued and after other officers arrived appellant was captured. At trial appellant testified he was intoxicated, acted in self-defense, and was unaware that the person in the patrol car that he shot repeatedly was a deputy sheriff.

■ Appellant's first point challenges the finding by the trial court that he was a Class X offender, defined by § 558.019.4(3) RSMo. 1986 as "one who has previously pleaded guilty to or been found guilty of three felonies committed at different times." The sole basis of his attack upon the court's finding is that the record of the three Florida convictions introduced in support of the finding showed his convictions to have followed pleas of nolo contendere. Since such a plea is not mentioned in the statute, he argues, we must construe the statute liberally in favor of the defendant and conclude the legislature did not intend such pleas to form a basis for enhanced punishment.

Section 558.019 unequivocally reflects the intent of the legislature to provide for minimum prison terms to be served by various classes of repeat offenders. The repeated use throughout the statute of the phrase "previously pleaded guilty to or has been found guilty of" demonstrates the legislative concern was the status of the defendant as a repeat offender, not the manner in which that status was determined. Whether the previous finding of guilt was made following a jury trial, a bench trial, a guilty plea, an Alford plea, or a plea of nolo contendere is irrelevant. The trial court found an adjudication by the Florida court of the defendant's guilt of three felonies committed at different times. This finding satisfies the requirements of § 558.019.4(3). A "conviction on a plea of nolo contendere is a conviction for the purposes of statutes that provide more severe penalties for second offenders. . . ." C. Wright, Federal Practice and Procedure: Criminal 2d § 177 at 666–67 (1982); *see* also 4 C. Torcia, Wharton's Criminal Procedure § 631 at 290 (12th ed. 1976); Lenvin, Meyers, *Nolo Contendere: Its Nature and Implications*, 51 Yale L.Rev. 1255, 1265 (1942). Missouri has long recognized the validity of convictions from other states based upon a plea of nolo contendere, even though Missouri does not recognize such a plea. *State v. Norman*, 380 S.W.2d 406, 408 (Mo. banc 1964). Point denied.

■ Acknowledging the absence of authority to support his contention, appellant nevertheless challenges the constitutionality of the Armed Criminal Action Statute, § 571.015 RSMo. 1986, on the grounds that additional punishment for the same act violates the 8th amendment prohibition against cruel and unusual punishment. Appellant's argument is so colorable and lacking in real substance that the exclusive jurisdiction of the Missouri Supreme Court over constitutional issues need not be invoked. *See State v. Hurt*, 668 S.W.2d 206, 210 (Mo.App.1984).

Any question regarding the power of a state legislature to authorize cumulative punishment under two statutes even though the statutes proscribe the same

conduct was laid to rest by the Supreme Court of the United States in *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 543 (1983). "The question of what punishments are constitutionally permissible is no different from the question of what punishments the Legislative Branch intended to be imposed." Punishment within the range established by the legislature does not constitute cruel and unusual punishment. *State v. Repp*, 603 S.W.2d 569, 571 (Mo. banc 1980); *State v. Peters*, 731 S.W.2d 480, 483 (Mo.App. 1987). Point denied.

▪ Appellant also charges the trial court erred in refusing to give his offered instructions on assault second degree based upon the mitigating circumstance of sudden passion arising out of adequate cause. Section 565.060.1(1) RSMo. 1986. His contention is based upon his own testimony which differed materially from the testimony of several prosecution witnesses. He denied being involved in a high speed chase by a marked patrol car with a siren sounding and a red light flashing. He claimed that suddenly and without provocation the automobile he was driving, a Honda Civic which he had purchased that morning for $100, was struck from the rear and spun around. As soon as it came to a stop he was shot in the hand. In fear for his life he grabbed a loaded rifle and fired through the windshield of the car which was stopped next to the Honda. On the basis of this testimony, appellant's attorney offered two instructions, A and B, which the trial court refused. Instruction A, MAI–CR 3d 319.02, submitted assault in the first degree, including paragraph second "that defendant did not act under the influence of sudden passion arising out of adequate cause", and paragraph third, "that defendant did not act in lawful self-defense as submitted in instruction 6." Instruction B, MAI–CR 3d 319.04 submitted assault in the second degree as a lesser included offense in the same language as instruction A including the negating of lawful self-defense, but omitting the negation of sudden passion. The trial court gave MAI–CR 3d 319.02 submitting assault in

the first degree and appellant's requested self-defense instruction.

In *State v. Simmons*, 751 S.W.2d 85 (Mo.App.1988) we observed that the theories of self-defense and mitigation by reason of sudden passion are not always so inconsistent they cannot be submitted together. However, where the victim's conduct relied upon as support for the self-defense instruction is the same conduct relied upon as the cause of the sudden passion which mitigates the offense to a lesser degree, there is a mutually exclusive inconsistency. *Id.* at 91–92. A similar inconsistency exists in this case. If the jury believed the appellant's testimony that he was the victim of an unprovoked assault, shot in the hand before he fired his own weapon in fear for his life, he was entitled to an acquittal on the grounds of self-defense. Having rejected this testimony as a basis for acquittal, the jury may not accept it as a basis for mitigation to a lesser degree offense. The court is required to give a lesser included offense instruction only where the evidence forms both a basis for acquittal of the higher offense *and* a basis for conviction of the lower. *State v. Olson*, 636 S.W.2d 318, 322 (Mo.banc 1982); *Simmons*, 751 S.W.2d at 90. Here, the evidence relied upon by appellant as a basis for seeking acquittal of the offense of assault in the first degree would not form a basis for a conviction for assault in the second degree but would require acquittal of that offense as well. The testimony of a single witness describing a single occurrence cannot be unbelievable for one purpose and believable for another purpose. The trial court did not err in refusing to give appellant's offered instructions A and B. Moreover, since the jury refused to accept his testimony as a basis for acquittal on the grounds of self-defense, appellant sustained no prejudice from the court's refusal to instruct on the lesser degree offense which was based upon the same testimony.

In nine additional points relied on appellant seeks reversal because of alleged prejudicial error and abuse of trial court discretion in the admission of evidence. We have carefully reviewed the record on each of

these nine points and we find no abuse of discretion nor error of law warranting reversal. An extended discussion of each point would served no precedential value. Rule 30.25(b).

Judgment affirmed.

CRIST and CRANDALL, JJ., concur.