963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Randy PETERS, Appellant,
v.
Bill ARMONTROUT, Appellee.
 No. 91-2551.
 United States Court of Appeals,
 Eighth Circuit.
Submitted: February 12, 1992.
Filed: May 22, 1992.
 
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Randy Peters was convicted of first degree armed robbery, first degree assault, and armed criminal action in the Circuit Court of Perry County of Missouri. He was sentenced to three consecutive life sentences. The convictions and sentences were affirmed on direct appeal. State v. Peters, 731 S.W.2d 480 (Mo. App. 1987). Peters' petition for state post-conviction relief was denied and his appeal dismissed. Adopting the recommendation of the magistrate judge,[1] the district court[2] denied Peters' petition for federal habeas corpus relief brought pursuant to 28 U.S.C. § 2254. We affirm.
 
 
 2
 The relevant facts of the case were summarized by the Missouri Court of Appeals on Peters' direct appeal.
 
 
 3
 On January 1, 1983, defendant cooperated with Michael Welker for the purpose of stealing a quantity of marijuana. For this purpose defendant appeared to arrange a sale of one pound of marijuana possessed by Darin Howell. In furtherance of the arrangement defendant directed Howell and another, Kevin Ralls, to a remote wooded area where they met Welker who was to pay Howell $1200 for the marijuana. Welker produced a gun and threatened Howell and Ralls while defendant used a small knife to disable the left rear tire of the vehicle in which defendant, Ralls, and Howell drove to the scene. Howell produced a gun and fired a shot at Welker. Defendant then jumped on Howell's back and put a knife to Howell's throat. Defendant threatened to cut Howell's throat if he, Howell, did not drop the gun. Howell fired a second shot at Welker. During a struggle Howell sustained three stab-like wounds to the back and other lacerations to the neck, chest, and right eye.
 
 
 4
 Peters, 731 S.W.2d at 481-82. These factual findings are presumed to be correct. 28 U.S.C. § 2254(d).
 
 
 5
 State remedies must be exhausted before the petition for federal habeas corpus relief may be considered. 28 U.S.C. § 2254(b). The petitioner's claims may be examined "only if he has no currently available, non-futile state remedies, [if] there was adequate cause to excuse his failure to present the issue in state court, and if he suffered prejudice as a result of this failure." Grooms v. Lockhart, 919 F.2d 505, 507 (8th Cir. 1990) (citing Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988)).
 
 
 6
 Peters concedes that the four claims he raises in this petition were never presented to the state courts either on his direct appeal or in his state post-conviction proceedings. Peters has no state remedies currently available. See White v. State of Mo., 779 S.W.2d 571, 572 (Mo. 1989). Therefore, Peters must demonstrate cause and prejudice for his procedural default. Because we find that Peters has not established prejudice resulting from any of the four claims he now raises, we need not reach the issue of cause.
 
 
 7
 The first claim raised in this petition was that the sentence for the first degree assault should be reduced. Under Missouri law at the time of the offense, first degree assault was a Class A felony if the act was committed by means of a deadly or dangerous instrument. Mo. Rev. Stat. § 565.050.2 (1978). At the time of the trial, however, first degree assault was classified as a Class B felony "unless in the course thereof the actor inflicts serious injury on the victim in which case it is a Class A felony." Mo. Rev. Stat. § 565.050 (1984). The possible sentence for a Class A felony remains unchanged and includes life imprisonment. Mo. Rev. Stat. § 558.011.1(1). Section 1.160 of the Missouri Revised Statutes provides that the amended version of a statute should be used if the punishment is less under the amended version. Peters argues that the amended version of the statute should apply because the punishment for a Class B felony is less than for a Class A felony. On direct appeal, the court found that Peters used a dangerous weapon and that the "evidence supports a finding of serious physical injury." Peters, 731 S.W.2d at 483. Serious physical injury includes "physical injury that creates substantial risk of death." Rev. Mo. Stat. § 556.061. Testimony was presented that the victim suffered a considerable loss of blood from the stab wounds but was able to receive prompt medical treatment. Peters, 731 S.W.2d at 483. Under either version of the statute, therefore, Peters is subject to the penalties for Class A felonies. We find Peters suffered no prejudice by his failure to present this claim to the state courts.
 
 
 8
 The second claim is that the evidence of the guilty plea entered by codefendant Welker made the trial unfair. Our review of questions involving the admission of evidence under state law is limited. Rainer v. Dep't of Corrections, 914 F.2d 1067, 1072 (8th Cir. 1990), cert. denied, 111 S. Ct. 993 (1991). "To justify the grant of habeas corpus, the error must be 'so gross,' ... 'conspicuously prejudicial,' ... 'or otherwise of such magnitude that it fatally infected the trial and failed to afford [appellant] the fundamental fairness which is the essence of due process.' " Id. (quoting Mercer v. Armontrout, 844 F.2d 582, 587 (8th Cir.), cert. denied, 488 U.S. 900 (1988)). We agree with the magistrate judge's finding that the admission of this evidence did not constitute fundamental unfairness. Accordingly, we find that Peters was not prejudiced by the failure to present this issue in state court.
 
 
 9
 The third claim raised by Peters is that his conviction of both the first degree robbery count and the first degree assault count violated double jeopardy. First degree robbery is committed when in the course of forcibly stealing property the person or other participant in the crime is armed with a deadly weapon. Mo. Rev. Stat. § 569.020.1(2). A person "forcibly steals" when in the course of stealing, "he uses or threatens the immediate use of physical force upon another person for the purpose of" obtaining the property. Mo. Rev. Stat. § 569.010(1). The robbery was complete when Welker threatened Howell and Ralls with the use of the gun for the purpose of obtaining their marijuana. After this point, Peters committed assault by stabbing Howell. Although the events were close in time, the assault occurred after the robbery. Convictions for these two separate criminal acts does not violate double jeopardy. Therefore, Peters was not prejudiced by his failure to present this claim to the state courts.
 
 
 10
 Peters' fourth argument is that the jury should have been instructed on the claim-of-right defense and on the lesser included offense of attempted robbery. The statutory claim-of-right defense provides that a person is not guilty of robbery if he "acted in the honest belief that he had the right to do so." Mo. Rev. Stat. § 570.070.1(2). To submit the claim-of-right defense, the court must be able to infer that the defendant honestly held that belief from sufficient evidence, beyond the "unadorned self-serving statements of the defendant or the principal" as to his subjective belief. Missouri v. Quisenberry, 639 S.W.2d 579, 585 (Mo. 1982) (en banc). In this case, little evidence beyond Peters' testimony supports his argument that the pound of marijuana was rightfully his in exchange for his stereo receiver. Furthermore, Peters never requested that either the claim-of-right instruction or the robbery attempt instruction be submitted to the jury. We will not grant habeas corpus relief from a state conviction based on improper jury instructions unless "the error constitutes a fundamental defect that resulted in a miscarriage of justice or so infected the entire trial as to deprive the defendant of a fair trial." Harrison v. Dahm, 880 F.2d 999, 1002 (8th Cir. 1989) (quoting Berrisford v. Wood, 826 F.2d 747, 752 (8th Cir. 1987)). The alleged errors in the jury instructions in this case do not constitute a fundamental defect and, consequently, do not establish prejudice resulting from the failure to raise this claim in the state courts.
 
 
 11
 As his final argument, Peters claims that cause and prejudice need not be proven because the "failure to consider [his] claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991). For the same reasons we found that Peters was not prejudiced by his failure to raise his claims in state court, we find that no fundamental miscarriage of justice.
 
 
 12
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Carol E. Jackson, Magistrate Judge for the Eastern District of Missouri
 
 
 [2]
 The Honorable John F. Nangle, Senior District Judge for the Eastern District of Missouri