STATE of Missouri, Respondent,

v.

Lewis T. DAVIS, Appellant.

Lewis T. DAVIS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 69441, 71520.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 16, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1997.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Lewis T. Davis, argues he is entitled to a new trial because the trial court refused to instruct the jury on a lesser included offense of voluntary manslaughter where the defense was self-defense and his conduct may be found to be an act of sudden passion arising from adequate cause. The state charged Davis with murder second degree and armed criminal action. The court sentenced defendant in accord with the jury verdict to serve twenty years on the charge of murder second degree and five years on the charge of armed criminal action, the sentences to be served concurrently. We find there was evidence to support Davis' requested manslaughter instruction. We hold the court erred in failing to submit the instruction. The judgment of the trial court is reversed and the case remanded for a new trial.

The facts are substantially the same as those considered in *State v. Redmond*, 937 S.W.2d 205 (Mo. banc 1996). Defendant Davis was charged with the same crimes tried in *Redmond*. Defendant Redmond engaged in an argument with his mother's boyfriend. He testified that during the argument with the victim, the victim reached in his pocket where defendant thought he had a gun. He saw the handle of a gun and thought he was going to be killed. The trial court rejected defendant's requested self-defense instruction which would have required a finding he did not act "under the influence of sudden passion arising from adequate cause." *Redmond*, 937 S.W.2d at 208. It also refused to submit a requested voluntary manslaughter instruction. A voluntary manslaughter instruction is appropriate where defendant causes the death of another person under circumstances that would constitute murder second degree, except defendant acted "under the influence of sudden passion arising from adequate cause." *Id.* Defendant is entitled to a voluntary manslaughter instruction on that basis only if he injects the issue of influence of sudden passion arising from adequate cause and there is evidence to support the finding. *Id.* The relevant facts in *Redmond* were: (1) victim confronted defendant in a threatening manner; (2) victim scared defendant by displaying the handle of a deadly weapon; (3) victim accused defendant of mistreating the mother of his alleged child; and, (4) as a result of the confrontation, defendant feared for his life. The court observed,

[t]he threatening confrontation described by Redmond along with the showing of a gun is the type of provocation that could cause a reasonable person to lose self-control. Thus, the evidence presented is sufficient to inject the issue of sudden passion arising from adequate cause. This being so, the trial court committed reversible error in failing to submit a voluntary manslaughter instruction upon the defendant's request.

*Id.* at 209.

In *Redmond*, the court rejected the state's argument that defendant was not entitled to a voluntary manslaughter instruction because the jury was instructed on self-defense. In this case the state relies upon *State v. Jennings*, 778 S.W.2d 294 (Mo.App.1989) and *State v. Simmons*, 751 S.W.2d 85 (Mo.App. 1988) for the proposition that the same testimony will not support submission of self-defense and a manslaughter instruction because they are inconsistent. In *Redmond* the court ruled,

*Jennings* and *Simmons* are overruled to the extent those decisions could be read to

hold that an instruction on self-defense and an instruction on sudden passion based on the same testimony are inherently inconsistent and should not be given together. Each instruction should be evaluated separately and should be given if supported by the evidence, without regard to whether the other instruction is also being given. *Id.* at 209–210. The court concluded a jury might reject self-defense if it decided defendant's apprehension of harm was unreasonable or that defendant used excessive force. Either finding would support rejecting the defense.

But, the jury may nevertheless believe that the confrontation and the showing of the weapon constituted adequate provocation by the victim, which impaired the defendant's self-control and aroused him to kill in sudden passion. Unlike self-defense, there is no requirement that defendant act reasonably to have his intentional killing reduced from murder to voluntary manslaughter.

*Id.* at 209.

■ There was evidence in the present trial to support submission and a finding Davis shot and killed David Crawford under the influence of sudden passion arising from adequate cause. MAI–CR 3d 313.04 required submission of the requested voluntary manslaughter instruction. Twenty-nine year old David Crawford was a cocaine user. Some months before the shooting, he told witness Bickley he was going to kill sixteen year old Lewis Davis because Davis had stolen some of Crawford's drugs. Davis' mother arranged for him to live with relatives in Fulton, Missouri, to avoid the threat. Shots were fired at the home of Davis' parents and Crawford was seen driving away after the incident.

On November 29, 1994, Crawford confronted Davis in the presence of others and threatened to kill him. Crawford displayed the handle of a gun stuck in his pants and left. Davis went to get a gun because he was frightened. He went outside and saw Crawford talking with others. He approached Crawford, and denied that he had stolen anything from him. Crawford spoke an obscenity and reached for his gun, saying he was going to kill Davis. Davis' testimony was not the only source of this evidence. Obviously, the evidence is substantially the same as offered in *Redmond*. There was direct evidence that Crawford was a threatening and violent person who had threatened Davis over an extended period of time. At the scene of the shooting, he possessed a gun and reached for the gun for the expressed reason of killing Davis. As in *Redmond,* these facts are sufficient to inject the issue of sudden passion arising from adequate cause which would cause a reasonable person to lose self-control. Davis was entitled to his requested instructions.

■ The armed criminal action charge is also reversed and remanded because it depends upon commission of the underlying felony. *Redmond,* 937 S.W.2d at 210. Finally, we do not reach and do not decide defendant's claim of error regarding denial of Rule 29.15 post conviction relief.

We reverse and remand the convictions and sentences. The post conviction motion appeal is dismissed as moot.

AHRENS, P.J., and CRANDALL, J., concur.