STATE of Tennessee, Petitioner,

v.

Terry Allen JOHNSON, Respondent.

Supreme Court of Tennessee.

Dec. 18, 1978.

Robert A. Grunow, Asst. Atty. Gen., Nashville; Brooks McLemore, Jr., Atty. Gen., Nashville, for petitioner.

J. Mike Mosier, W. Anthony Helm, Henderson, for respondent.

Jerry P. Black, Jr., George Wm. Jenkins, III, University of Tenn. Legal Clinic, Knoxville, for amicus curiae.

## OPINION

HARBISON, Justice.

This case presents the question of whether a juvenile, in appealing to the circuit court from a finding of delinquency pursuant to T.C.A. § 37–258(a), must exercise a demand for a jury trial pursuant to Rule 38 of the Tennessee Rules of Civil Procedure. The Court of Appeals held that this was not necessary and that the juvenile was entitled to a jury trial without demand under civil procedural rules.

After careful consideration of the contentions of the parties, we affirm the decision of the Court of Appeals.

A finding of delinquency is not equivalent, in legal theory, to conviction of a crime, "and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment." T.C.A. § 37–233(a).

Further, persons found to be delinquent are not subject to the laws applicable to infamous crimes and are not to be rendered infamous by the judgment of the juvenile court in which they are tried. T.C.A. § 37–233(c).

One of the stated purposes of the statutes creating the juvenile court system is:

> "Consistent with the protection of the public interest, to remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior and to substitute therefor a program of treatment, training and rehabilitation; . . . ." T.C.A. § 37–201(2).

Despite this stated purpose and the theory underlying the juvenile court system, however, courts in recent years have emphasized that in practical effect persons involved in juvenile proceedings may be deprived of their liberty. Increasingly, concepts of the criminal law, and in particular constitutional principles designed to protect the rights of individuals charged with crime, have been deemed to be applicable to proceedings involving juvenile offenders.

In the leading case of *Arwood v. State*, 62 Tenn.App. 453, 463 S.W.2d 943 (1970), the Court of Appeals held that a juvenile defendant charged with an offense which would be classified as a felony under the penal code was entitled to a jury trial on his appeal to the circuit court. In the present case the State makes no issue on that point.

In *State v. Jackson*, 503 S.W.2d 185 (Tenn.1973), this Court held that statutes purporting to permit the State an appeal from the acquittal of an accused juvenile were invalid on principles of double jeopardy, under both the federal and the state constitutions.

In the foregoing cases, the courts cited and discussed recent decisions of the United States Supreme Court which made applicable to proceedings involving juvenile offenders many of the safeguards surrounding adult criminal trials.

█ In the instant proceeding, respondent was accused of an offense which, in the case of an adult, would have amounted to a charge of the felony of arson. T.C.A. § 39–501. From an order of the juvenile judge finding him to be delinquent, respondent appealed to the circuit court, as provided in T.C.A. § 37–258(a). He did not timely demand a jury trial under the provisions of Rule 38, T.R.C.P. On the day of his trial in the circuit court his counsel did request a jury, but this motion was denied. The circuit judge proceeded to try the case de novo, without a jury.

In this regard, we agree with the Court of Appeals that error was committed. Although juvenile proceedings do, in many ways, partake of civil rather than criminal proceedings, the juvenile has a right to counsel, confrontation and cross-examination of witnesses, the privilege against self-incrimination and the right to have guilt established beyond a reasonable doubt. *See In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

█ It is settled law that an adult criminal defendant facing a felony charge may waive a jury trial pursuant to T.C.A. § 40–2504. *See Seale v. Luttrell*, 221 Tenn. 548, 428 S.W.2d 312 (1968). Unless he executes such waiver, however, he is entitled, as a matter of right, to have a jury empaneled to try the case.

█ We are of the opinion that similar procedure should be followed when a juvenile, charged with an offense which would constitute a felony under the penal code, appeals to the circuit court for trial de novo under T.C.A. § 37–258(a). A jury trial may, of course, be waived, and we do not hold that the strict statutory formalities for such waiver, as set out in T.C.A. § 40–2504, must necessarily be followed in a juvenile delinquency appeal. On the other hand, we are of the opinion that the requirements of the rules of civil procedure for demanding a jury do not apply and should not be invoked by the State or by the trial judge.

The judgment of the Court of Appeals is affirmed, and the cause is remanded for a new trial, at the cost of the State.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.