## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

STATE OF TENNESSEE,                    )
                                       )
    Plaintiff/Appellee,                )
                                       )
                                       )    Appeal No.
                                       )    01-A-01-9711-CV-00676
VS.                                    )
                                       )    Pickett Circuit
                                       )    No. 896
MARLON MADISON, a child less than      )
eighteen years of age,                 )
                                       )
    Defendant/Appellant.               )

FILED

**September 2, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

APPEALED FROM THE CIRCUIT COURT OF PICKETT COUNTY
AT BYRDSTOWN, TENNESSEE

THE HONORABLE JOHN MADDUX, JUDGE

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, Tennessee 37243-0493
    Attorney for Plaintiff/Appellee

WANDA A. WHITE
P. O. Box 556
Byrdstown, Tennessee 38549

GORDON T. GERMAIN
P. O. box 515
Monticello, Kentucky 42633
    Attorneys for Defendant/Appellant

REVERSED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

## O P I N I O N

The Juvenile Court of Pickett County found a juvenile to be delinquent for selling marijuana to a classmate. He appealed to the Circuit Court, which likewise found him to be delinquent, and placed him on probation with the Department of Childrens' Services. We reverse the Circuit Court.

I.

The undisputed facts of this case are as follows: Marlon Madison was in the 11th grade at Pickett County High School. He was placed in an alternative school after an incident involving possession of drug paraphernalia and suspicion of marijuana use. Shortly after entering the alternative school, Marlon approached another student and asked him if he wanted to buy marijuana.

The student told a school official, Vick Lowhorn, about the offer. Mr. Lowhorn and James W. Taylor, principal of the high school, began an investigation. They gave the student a $20 bill with which to purchase the marijuana. An exchange was made in a classroom of the school, with Marlon Madison receiving the $20, and the other student receiving what appeared to be four or five rolled joints of marijuana in a plastic bag.

Delinquent proceedings were subsequently brought against Marlon Madison in the Juvenile Court of Pickett County. After a non-custodial assessment of Marlon's home and family situation, and a hearing before the Juvenile Court, the young man was found to be delinquent, and was placed on probation. The probation terms included random drug testing, a drug education program, drug counseling, and fifty hours of community service.

The defendant filed an appeal for a de novo hearing in Circuit Court, pursuant to Tenn. Code Ann. § 37-1-159. The only witnesses called at the hearing were James W. Taylor and the student who made the purchase. The defendant cross-examined these witnesses, but called no witnesses of his own. After the hearing, the trial court found the defendant to be delinquent "for the act of selling marijuana upon the school property," and imposed the same penalty upon him as had the juvenile court. This appeal followed.

## II.

A minor may be considered delinquent if he has committed a delinquent act, and is in need of treatment or rehabilitation. A delinquent act is basically an act performed by a minor, which would be a criminal offense if it were performed by an adult. See Tenn. Code Ann. § 37-1-102.

For purposes of the criminal code, marijuana is classified as a Schedule VI controlled substance. Tenn. Code Ann. § 39-17-415. The sale of "not less than one-half (½) ounce" of marijuana is treated as a Class D or Class E felony, according to the actual amount involved. Tenn. Code Ann. § 39-17-417(g). Simple possession or casual exchange of less than one-half ounce of marijuana is treated as a Class A misdemeanor. Tenn. Code Ann. § 39-17-418. In either case, it is a criminal offense.

The appellant argues on appeal that the State failed to prove that the rolled joints contained marijuana, and thus did not meet the burden of proof required to find that the defendant had committed an act which would have been a criminal offense if committed by an adult. He refers us to two cases in the Court of Criminal Appeals, *State v. Hill*, 638 S.W.2d 827 (1982) and *State v. Doelman*, 620 S.W.2d 96 (1981). In both of those cases, the court held that the testimony of a police officer with several years of experience in detecting marijuana was sufficient to support a

finding beyond a reasonable doubt that the substance in question was indeed marijuana.

Although the prosecution could have easily and inexpensively met its burden of identifying the substance sold by Mr. Madison, it failed to present any testimony by a police officer, or by any other expert on the identification of marijuana. The appellant insists that without such testimony, the court could not find beyond a reasonable doubt that Marlon Madison had sold marijuana to a classmate.

We believe that the appellant is correct as to the burden of proof that the State must carry on the underlying offense in order to support a finding of delinquency. In *State v. Johnson*, 574 S.W.2d 739, 741 (Tenn. 1978), Justice Harbison wrote:

> "Although juvenile proceedings do, in many ways, partake of civil rather than criminal proceedings, the juvenile has a right to counsel, confrontation and cross-examination of witnesses, the privilege against self-incrimination and the right to have guilt established beyond a reasonable doubt. . . . We are of the opinion that similar procedure should be followed when a juvenile, charged with an offense which would constitute a felony under the penal code, appeals to the circuit court for trial de novo. . . ."

The appellant concedes that selling a controlled substance is a delinquent act, but he does not concede that he was selling a controlled substance. It thus appears to us that the State did not produce sufficient evidence at the trial of this case to support a finding beyond a reasonable doubt that Marlon Madison had sold marijuana to a classmate.

It is true that another portion of the criminal code makes it a Class E felony to sell a "counterfeit controlled substance," that is, a substance which is represented by the seller to be a controlled substance, even though it is not. Tenn. Code Ann. § 39-17-423. However, that statute refers only to illegal drugs classified

as controlled substances under Schedules I, II, III or IV.  It does not appear to apply to marijuana.

- 5 -

**III.**

The judgment of the trial court is reversed.  Remand this cause to the Circuit Court of Pickett County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE

**IN THE COURT OF APPEALS OF TENNESSEE**
**AT NASHVILLE**

**FILED**

**September 2, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

STATE OF TENNESSEE,            )
                              )
    Plaintiff/Appellee,      )
                              )  Appeal No.
                              )  01-A-01-9711-CV-00676
VS.                           )
                              )  Pickett Circuit
                              )  No. 896
MARLON MADISON, a child less than )
eighteen years of age,        )
                              )
    Defendant/Appellant.     )

# O R D E R

On the Court's own motion the Court orders that the original opinion

filed in this case is withdrawn and the attached opinion is substituted therefor.

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JUDGE