# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### May 5, 2006 Session Heard at Chattanooga[1]

## STATE OF TENNESSEE v. CLINTON BURNS, III

**Appeal by permission from the Court of Appeals**
**Criminal Court for Knox County**
**No. 78802       Ray L. Jenkins, Judge**

---

### No. E2004-01632-SC-R11-JV - Filed on September 25, 2006

---

We accepted this appeal to determine whether a juvenile charged with being delinquent by virtue of having committed an offense which would be a felony if committed by an adult is entitled to a jury trial on appeal de novo to circuit court. We answer that question in the negative. Accordingly, we reverse the judgment of the Court of Appeals.[2]

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed.**

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., AND E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., AND JANICE M. HOLDER, JJ., joined.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Steven Sword, Assistant District Attorney General, for the Appellant, State of Tennessee.

Mark E. Stephens, District Public Defender, and Robert C. Edwards, Assistant Public Defender, for the Appellee, Clinton Burns, III.

Jerry P. Black, Jr., and Wade V. Davies, Knoxville, Tennessee, for the Amicus Curiae, Tennessee Association of Criminal Defense Lawyers.

---

[1] Oral argument was heard in this case on May 5, 2006, in Chattanooga, Hamilton County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

[2] In the criminal court Defendant filed a motion to suppress the victim's identification of him. This motion was denied. The Court of Appeals affirmed the judgment of the trial court. Application for permission to appeal this issue was denied. Accordingly, we reverse only that portion of the Court of Appeals' judgment which reverses the trial court.

## OPINION

### FACTS

On September 22, 2003, the Check Cash store on Broadway in Knoxville was robbed at gunpoint. On September 24, 2003, the State filed a petition in the Knox County Juvenile Court charging Clinton Burns, III, ("Defendant"), a minor, with being delinquent by virtue of having committed the crime of aggravated robbery. A juvenile court referee found Defendant to be delinquent and placed him in the custody of the Department of Children's Services. That decision was ratified by the juvenile court judge. Defendant filed a timely appeal to the Knox County Criminal Court and requested a trial de novo before a jury.

The State subsequently filed a pleading contending that Defendant was not entitled to a jury trial in his de novo appeal from the juvenile court.[3] After hearing argument, the trial court ruled in the State's favor. Thereafter, Defendant was tried before the criminal court judge on June 3, 2004, and June 9, 2004. At the conclusion of the trial, the trial judge found Defendant guilty of aggravated robbery beyond a reasonable doubt and affirmed the judgment of delinquency and the disposition.

On appeal, the Court of Appeals reversed on the jury trial issue, finding that, under the Tennessee Constitution, a juvenile is entitled to a jury trial on appeal of his or her delinquency proceeding to circuit or criminal court. We granted review to determine whether, in light of United States Supreme Court jurisprudence holding that there is no right under the federal constitution to a jury trial during the adjudicative phase of juvenile proceedings, a juvenile has a right to a jury trial on de novo appeal under the Tennessee Constitution.

### STANDARD OF REVIEW

The resolution of this appeal involves an issue of constitutional interpretation, which is a question of law. Therefore, the standard of review is de novo without any presumption of correctness given to the legal conclusions of the courts below. S. Constructors, Inc. v. Loudon County Bd. of Educ., 58 S.W.3d 706, 710 (Tenn. 2001).

### ANALYSIS

The right to a jury trial may stem from guarantees in the state or federal constitutions, or it may be statutorily based. Our statutory scheme dealing with juvenile courts and proceedings provides that hearings by juvenile courts "shall be conducted . . . without a jury." Tenn. Code Ann. § 37-1-124(a) (2005). Appeals from juvenile court "may be made to the criminal court or court having criminal jurisdiction *that shall hear the testimony of witnesses and try the case de novo*." Id. § 37-1-159(a) (emphasis added). No statutory provision for a jury trial in such de novo appeals

---

[3] Juvenile defendants are entitled to an appeal from "any final order or judgment in a delinquency proceeding . . . to the criminal court or court having criminal jurisdiction that shall hear the testimony of witnesses and try the case de novo." Tenn. Code Ann. § 37-1-159(a) (2005).

exists. Accordingly, the existence of any such right in Tennessee must arise from either the federal or state constitution.

In Arwood v. State, our Court of Appeals held that a juvenile defendant was entitled to a jury trial under Defendant's circumstances. 463 S.W.2d 943, 946 (Tenn. Ct. App. 1970). The intermediate court based its holding upon several decisions by the United States Supreme Court, including In re Gault, 387 U.S. 1 (1967); In re Winship, 397 U.S. 358 (1970); and Duncan v. Louisiana, 391 U.S. 145 (1968). Upon its interpretation of those cases, the Court of Appeals opined, "there is, as we see it, no constitutionally sufficient reason to deprive the juvenile of the right to a jury trial where the charge of delinquency brought against him is predicated upon the commission of an offense declared to be a felony by the Legislature of the State of Tennessee." Arwood, 463 S.W.2d at 946. The Court of Appeals based this conclusion upon principles of *federal* constitutional jurisprudence.

Approximately one year later, the United States Supreme Court issued McKeiver v. Pennsylvania, 403 U.S. 528 (1971) (plurality opinion). In that case, the high court was asked to determine "whether the Due Process Clause of the Fourteenth Amendment assures the right to trial by jury in the adjudicative phase of a state juvenile court delinquency proceeding." Id. at 530. Although the Court considered the same cases construed by our intermediate appellate court, as well as others, it reached a contrary conclusion: "trial by jury in the juvenile court's adjudicative stage is *not* a [federal] constitutional requirement." Id. at 545 (emphasis added). In the lead opinion, Justice Blackmun provided several reasons for this conclusion, including (a) the possibility that requiring a jury trial would "remake the juvenile proceeding into a fully adversary process," id.; (b) the Court's past recognition that "a jury is not a necessary part even of every criminal process that is fair and equitable," id. at 547; (c) its recognition that the "imposition of the jury trial on the juvenile court system would not strengthen greatly, if at all, the factfinding function, and would, contrarily, provide an attrition of the juvenile court's assumed ability to function in a unique manner," id.; and (d) the Court's fear that imposing jury trials would impede the States from "experiment[ing] further and . . . seek[ing] in new and different ways the elusive answers to the problems of the young." Id. Justice Blackmun's opinion concluded: "If the formalities of the criminal adjudicative process are to be superimposed upon the juvenile court system, there is little need for its separate existence. Perhaps that ultimate disillusionment will come one day, but for the moment we are disinclined to give impetus to it." Id. at 551.

The McKeiver decision undercut the federal constitutional foundation of our Court of Appeals' holding in Arwood and leaves us with the question of whether the Tennessee Constitution guarantees Defendant the right to a jury trial upon his de novo appeal to circuit court.

To date, this Court has not squarely addressed this issue. This Court has, however, referred to Arwood with apparent approval in several cases. For instance, in State v. Strickland, 532 S.W.2d 912 (Tenn. 1975), this Court was called upon to decide whether a juvenile was entitled to a jury at a transfer hearing in juvenile court. In the course of answering that question in the negative, the Court distinguished Arwood but, in so doing, stated in passing that "there is no question about the

soundness of the <u>Arwood</u> decision." <u>Strickland</u>, 532 S.W.2d at 921. No mention was made of <u>McKeiver</u>. Significantly, the <u>Strickland</u> court did not address the issue before us today.

Subsequently, in <u>State v. Johnson</u>, 574 S.W.2d 739 (Tenn. 1978), this Court addressed the issue of whether a juvenile waived his right to a jury trial on de novo appeal by failing to demand a jury trial pursuant to the Rules of Civil Procedure. In that opinion, the Court simply *assumed* that juveniles had a right to a jury trial on de novo appeal to circuit court. In making this assumption, the Court relied upon the <u>Arwood</u> holding and noted that "the State makes no issue on that point." <u>Id.</u> at 741. Thus, the actual issue before us today was *not* at issue in <u>Johnson</u>. Accordingly, the <u>Johnson</u> decision does not stand for the proposition that the Tennessee Constitution grants Defendant a constitutional right to the jury trial sought in this case.

Approximately two years later, this Court referred to the <u>Johnson</u> opinion in <u>State ex rel. Anglin v. Mitchell</u>, 596 S.W.2d 779, 789 (Tenn. 1980). In the <u>Anglin</u> case, this Court determined that "'the law of the land' provision of Article I, Section 8 of the Constitution of Tennessee does not permit a judge who is not licensed to practice law to make any disposition of a juvenile that operates to confine him or deprive him of his liberty." <u>Id.</u> at 791. In reaching that conclusion, the Court conducted a thorough review of the development of juvenile law. In so doing, it construed <u>Johnson</u> as holding that, under the Tennessee Constitution, a juvenile charged with an offense otherwise a felony was entitled to a jury trial on de novo appeal to the circuit court. <u>Id.</u> at 789. Upon a close reading of <u>Johnson</u>, we conclude that the <u>Anglin</u> court characterized mere dictum as a holding of constitutional proportions.

Our careful analysis of these and other cases makes clear that, despite this Court's past reluctance to criticize <u>Arwood</u> while determining other and distinct issues, we cannot rely on <u>Anglin</u>, <u>Johnson</u>, or <u>Strickland</u> as precedent for the correct disposition of the question before us today.

Article I, section 8 of the Tennessee Constitution provides that "no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." Known as the "law of the land clause" in Tennessee, the State argues that this section provides the same guarantees as the federal due process clause. Accordingly, the State posits, this Court should follow the United States Supreme Court's holding in <u>McKeiver</u> and find that Tennessee's law of the land clause does not entitle Defendant to a jury trial in his de novo appeal to circuit court. We agree.

This Court has declared repeatedly that Tennessee's law of the land clause "is synonymous with the due process provisions of the federal constitution." <u>Lynch v. City of Jellico</u>, Nos. E2006-00208-SC-R3CV, E2006-00207-SC-R3CV, 2006 WL 2494170, at *4 (Tenn. Aug. 30, 2006). <u>Accord</u> <u>City of Knoxville v. Entm't Res., LLC.</u>, 166 S.W.3d 650, 655 (Tenn. 2005); <u>Mills v. Wong</u>, 155 S.W.3d 916, 921 (Tenn. 2005); <u>Willis v. Tenn. Dep't of Corr.</u>, 113 S.W.3d 706, 711 n.4 (Tenn. 2003); <u>Daugherty v. State</u>, 393 S.W.2d 739, 743 (Tenn. 1965). We recognize, of course, that "[i]n the interpretation of the Tennessee Constitution, this Court is always free to expand the minimum

level of protection mandated by the federal constitution." Doe v. Norris, 751 S.W.2d 834, 838 (Tenn. 1988). We also recognize, however, that our juvenile court system is a creature of our legislature, born long after the law of the land clause. As evidenced by our current statutory scheme, our legislature has determined that, while they are still within the juvenile court system, our juveniles are to be tried by judges, not juriesSeven upon de novo appeal. Should the legislature choose in the future to provide the option of a jury trial during some or all of juvenile proceedings, it may, of course, do so. We are not convinced, however, that Tennessee's law of the land clause mandates jury trials in this context.

We stress that the system for dealing with juvenile offenders *as juveniles* is separate and distinct from the criminal justice system. On those occasions when a juvenile is transferred to criminal court to be tried *as an adult*, he or she is afforded the full panoply of constitutional rights accorded to criminal defendants, including jury trials. Defendant in this case is not, however, being tried as an adult. He is being tried within the context of a system that was designed to avoid much of the trauma and stigma of a criminal trial. See Tenn. Code Ann. § 37-1-101(a)(2) (providing that one of the purposes of juvenile proceedings is to "remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior and substitute therefor a program of treatment, training and rehabilitation"). We agree with the United States Supreme Court that "one cannot say that in our legal system the jury is a *necessary* component of accurate factfinding." McKeiver, 403 U.S. at 543 (emphasis added). A jury's "necessity" is further attenuated in the context of juvenile delinquency proceedings, which are aimed not at punishing the youthful offender, but at rehabilitating him. We are also persuaded that the McKeiver decision is correct in its concern for the juvenile court's "ability to function in a unique manner" in the absence of a jury. Id. at 547. Finally, we agree with Justice Blackmun's observation that, "[i]f the formalities of the criminal adjudicative process are to be superimposed upon the juvenile court system, there is little need for its separate existence. Perhaps that ultimate disillusionment will come one day, but for the moment we are disinclined to give impetus to it." Id. at 551.

Accordingly, we conclude that Defendant is not entitled under article I, section 8 of the Tennessee Constitution to a jury trial upon his de novo appeal to circuit court following the juvenile court's finding him delinquent by virtue of having committed an offense which would be a felony if committed by an adult.

Alternatively, Defendant asks this Court to recognize his right to a jury trial under article I, sections 6 and 9 of the Tennessee Constitution. As this Court has previously recognized,

> Article I, section 6 of our Constitution does not guarantee the right to a jury trial in every case. The text of that provision reads, "[t]hat the right of trial by jury shall remain inviolate, and no religious or political test shall ever be required as a qualification for jurors." This right has been interpreted to be a trial by jury as it existed at common law, Marler v. Wear, 117 Tenn. 244, 246, 96 S.W. 447, 448 (1906), or more specifically, "the common law under the laws and constitution of North Carolina at the time of the adoption of the Tennessee Constitution of 1796."

> Patten v. State, 221 Tenn. 337, 344, 426 S.W.2d 503, 506 (Tenn. 1968), cert. denied, 400 U.S. 844, 91 S.Ct. 88, 27 L.Ed.2d 80 (1970). For rights and remedies created after the formation of our Constitution, the legislature is free to enact procedures that do not include jury trials. Newport Housing Authority v. Ballard, 839 S.W.2d 86, 88 (Tenn. 1992).

Helms v. Tenn. Dep't of Safety, 987 S.W.2d 545, 547 (Tenn. 1999). As previously noted, juvenile proceedings are statutory: they did not exist under common law. This provision of our Constitution is therefore inapposite. Section 9 provides a right to a jury trial "in all criminal prosecutions." This provision is likewise inapposite because juvenile proceedings are not "criminal prosecutions." See Childress v. State, 179 S.W. 643, 644 (Tenn. 1915) (recognizing that "proceedings before a juvenile court do not amount to a trial of the child for any criminal offense" and that "the proceedings in a juvenile court are entirely distinct from proceedings in the courts ordained to try persons for crime").

## CONCLUSION

We hold that juveniles adjudged delinquent on the basis of an offense which would be a felony if committed by an adult are not entitled by the Tennessee Constitution to a jury trial upon their de novo appeal to circuit court. Prior cases holding otherwise are hereby overruled. The judgment of the Court of Appeals is reversed.

It appearing that Defendant, Clinton Burns, III, is indigent, the costs of this cause are taxed to the State of Tennessee, for which execution may issue.

_____

CORNELIA A. CLARK, JUSTICE

-6-