IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 3, 2019

## SANDRA K. FISHER v. TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY

**Appeal from the Chancery Court for Davidson County**
**No. 17-0884-III     Ellen H. Lyle, Chancellor**

_____

### No. M2018-02041-COA-R3-CV

_____

A police department seized a car after citing its owner for driving on a revoked license. Following the issuance of a forfeiture warrant and a contested case hearing, the Tennessee Department of Safety and Homeland Security forfeited the owner's interest in the car. The car owner petitioned for judicial review, contending that the forfeiture violated the Due Process Clause of the Fourteenth Amendment and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. The chancery court denied the petition after determining that there were no constitutional violations. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Sandra Kay Fisher, Westmoreland, Tennessee, pro se appellant.

Herbert H. Slatery III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Rob Mitchell, Assistant Attorney General, for the appellee, Tennessee Department of Safety and Homeland Security.

## OPINION

### I.

### A.

In May 2015, Sandra Fisher was convicted of driving while under the influence of alcohol or drugs, her eighth DUI offense.  As a result of the conviction, the court revoked Ms. Fisher's driver's license until 2023.  *See* Tenn. Code Ann. § 55-10-404(a)(1)(D) (2017).

Ms. Fisher petitioned for a restricted license, which was granted.  *See id.* §§ 55-10-404(a)(2), 55-10-409(b)(1)(A).  But she had not obtained the required ignition interlock device when, on October 10, 2016, she was pulled over driving a 2012 Kia Optima.  The police officer cited Ms. Fisher for driving on a revoked license and had the car towed.

The officer would later testify that he provided Ms. Fisher with a Notice of Property Seizure at the time she was cited for driving on a revoked license.  For her part, Ms. Fisher denied receiving the Notice of Property Seizure that day, but she acknowledged receiving the notice the following day.

The following day was also when the officer applied for a forfeiture warrant.  The court found probable cause to believe that the car was subject to forfeiture and ordered the police department to seize or hold the car until forfeiture proceedings could be conducted.  According to Ms. Fisher, she never received notice of the forfeiture hearing or the forfeiture warrant.

The Tennessee Department of Safety and Homeland Security ("DSHS") sent Ms. Fisher a letter that advised of the forfeiture warrant and the procedure for filing a claim to the car.  Although the letter was sent via certified mail to what Ms. Fisher acknowledged to be her home address, she claimed to have never received the letter.  Nevertheless, she timely asserted a claim to the car by filing a petition for hearing with DSHS.

After a contested case hearing at which Ms. Fisher and the police officer testified, an administrative law judge forfeited the Kia Optima to the police department.  The ALJ found that DSHS had met its burden to "prove: (1) that [Ms. Fisher] was driving the subject vehicle; and (2) that she was doing so while her license to drive was revoked for a DUI conviction."  *See id.* § 40-33-213(a) (2018);[1] Tenn. Comp. R. & Regs. § 1340-02-

---

[1] In 2018, the Legislature amended Tennessee Code Annotated § 40-33-213.  2018 Tenn. Pub. Acts 689, 691 (ch. 772, § 9).  Throughout this opinion, we refer to the version effective prior to January

2

02-.15(4) (2015). The ALJ rejected Ms. Fisher's contention that the forfeiture proceeding was subject to dismissal because she had not received a copy of the forfeiture warrant. The ALJ reasoned that she was only entitled to the Notice of Property Seizure and notice that a forfeiture warrant had been issued. Ms. Fisher acknowledged receiving the Notice of Property Seizure. And DSHS attempted to notify Ms. Fisher of the issuance of the forfeiture warrant by letter. The ALJ concluded that "[t]he fact that she did not receive it d[id] not constitute a procedural violation."

## B.

Ms. Fisher petitioned the chancery court for judicial review. In pertinent part, Ms. Fisher argued that she "did not receive proper notice from Dept. of Safety [sic] nor did she receive a copy of the forfeiture warrant." She also argued that forfeiture of her car was an excessive fine, violating the Eighth Amendment to the United States Constitution.

The chancery court denied Ms. Fisher relief. The court first considered Ms. Fisher's claim that she was denied due process by not being provided notice of the forfeiture warrant hearing or a copy of the forfeiture warrant. The court concluded that no notice of the forfeiture warrant hearing was statutorily required because Ms. Fisher had been arrested. The court further concluded that there was no requirement for the police department or DSHS to provide Ms. Fisher a copy of the forfeiture warrant. The only requirement was for the owner of the vehicle to be notified of the issuance of the forfeiture warrant. DSHS had satisfied due process by sending a letter to Ms. Fisher's home address via certified mail advising that the forfeiture warrant had been issued. The court found that certified mail sent to a home address was reasonably contemplated to result in actual notice.

The court next considered whether the forfeiture of the car violated the Eighth Amendment. After applying a proportionality test to the facts from the record, the court concluded that the forfeiture was not an excessive fine.

## II.

On appeal, Ms. Fisher raises two issues for our review: (1) whether DSHS violated her due process rights as protected by the Fourteenth Amendment; and (2) whether the forfeiture of her car violated the Eighth Amendment's protection against excessive fines.[2]

1, 2019.

[2] In her reply brief, Ms. Fisher raised a third issue: whether she committed a "forfeitable" offense as ruled by the trial court. But because Ms. Fisher failed to raise the issue in her initial brief, the issue is waived. *See Owens v. Owens*, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007) (explaining that a reply brief is "not a vehicle for raising new issues").

The Uniform Administrative Procedures Act ("UAPA") governs our review of agency decisions in forfeiture cases. Tenn. Code Ann. §§ 40-33-213(b), 4-5-323 (2015). Under the UAPA, we may reverse or modify an agency's decision if, among other things, the decision is "[i]n violation of constitutional or statutory provisions."[3] *Id.* § 4-5-322(h)(1) (Supp. 2019). Whether the Department violated the Constitution is a question of law which we review de novo with no presumption of correctness. *State v. Burns*, 205 S.W.3d 412, 414 (Tenn. 2006).

A.

Forfeiture is the "divestiture of property without compensation." *State v. Sprunger*, 458 S.W.3d 482, 492 (Tenn. 2015) (citation omitted). Often, as here, "divestiture occurs because of a crime[,] and title to the forfeited property is transferred to the government." *Id.* Our courts have recognized that taking a citizen's property without compensation "is an extraordinary exercise of the State's police power." *Id.* at 493. So "forfeiture proceedings must strictly comply with both the statutory authority authorizing the divestment, as well as constitutional due process protections." *Ally Fin. v. Tenn. Dep't of Safety & Homeland Sec.*, 530 S.W.3d 659, 664 (Tenn. Ct. App. 2017).

A car "is subject to seizure and forfeiture upon the arrest or citation of a person for driving while the person's driving privileges are cancelled, suspended or revoked." Tenn. Code Ann. § 55-50-504(g)(2) (2017). When a car is seized, the seizing officer must "provide the person found in possession of the [car] . . . a receipt titled a 'Notice of

---

[3] Typically, under the UAPA, we may reverse or modify an agency's decision if the decision is

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5) (A) Unsupported by evidence that is both substantial and material in light of the entire record.
(B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h). But in forfeiture cases, we apply a preponderance of the evidence, rather than a substantial and material evidence, standard in determining whether the agency decision is properly supported. *Id.* § 40-33-213(a). In other words, the evidence must show that the property seized was more likely to be subject to forfeiture than not. *See McEwen v. Tenn. Dep't of Safety*, 173 S.W.3d 815, 824-25 (Tenn. Ct. App. 2005).

4

Seizure.'" *Id.* § 40-33-203(c) (2018);[4] *see also* Tenn. Comp. R. & Regs. § 1340-02-02.05(1).

After the seizure, a forfeiture action can proceed only once a court issues a forfeiture warrant. Tenn. Code Ann. § 40-33-204(a) (2018);[5] *see also* Tenn. Comp. R. & Regs. § 1340-02-02.05(2). And a forfeiture warrant signifies that there is probable cause to believe that a) the car is subject to forfeiture and b) the registered or title owner's interest in the car is subject to forfeiture. Tenn. Code Ann. § 40-33-204(c). Whether the person in possession of the car is entitled to notice of the forfeiture warrant hearing depends on whether the person in possession is arrested. If the person in possession is not arrested when the car is seized, the seizing officer must "provide the person found in possession . . . a notice entitled 'Notice of Forfeiture Warrant Hearing.'" *Id.* § 40-33-203(d); *see also* Tenn. Comp. R. & Regs. § 1340-02-02.05(6). But, "[i]f an arrest was made at the time of the seizure," the forfeiture warrant hearing is conducted "ex parte." Tenn. Code Ann. § 40-33-204(b)(2).

Ms. Fisher complains that she was not provided notice of the forfeiture warrant hearing or a copy of the forfeiture warrant. We agree with the chancery court that Ms. Fisher was not entitled to notice of the forfeiture warrant hearing. The facts establish that Ms. Fisher was arrested when her car was seized, even though she did not remain in custody following the issuance of the citation for driving on a revoked license. Ms. Fisher committed the offense in the police officer's presence. "A peace officer who has arrested a person for the commission of a misdemeanor committed in the peace officer's presence . . . shall issue a citation to the arrested person to appear in court in lieu of the continued custody and the taking of the arrested person before a magistrate." *Id.* § 40-7-118(b)(1) (2018). The citation also refers to Ms. Fisher as an "Arrestee" and advises her of an obligation to report for booking prior to her court appearance, an obligation that applies to arrestees. *See id.* § 8-4-115 (Supp. 2019).

We also agree with the chancery court that there was no requirement that Ms. Fisher be provided with the forfeiture warrant. The statute only requires the issued warrant to be sent to the "applicable agency," here DSHS. *Id.* § 40-33-204(g). The statute then places on DSHS the responsibility "[to] notify any other owner, as may be determined from public records of titles, registrations or other recorded documents, or secured party that a forfeiture warrant has been issued." *Id.*

---

[4] In 2018, the Legislature amended Tennessee Code Annotated § 40-33-203. 2018 Tenn. Pub. Acts 689, 689 (ch. 772, § 1). Throughout this opinion, we refer to the version effective prior to October 1, 2018.

[5] In 2018, the Legislature amended Tennessee Code Annotated § 40-33-204. 2018 Tenn. Pub. Acts 689, 689-91 (ch. 772, §§ 2-8). Throughout this opinion, we refer to the version effective prior to October 1, 2018.

Ms. Fisher testified that she did not receive the letter from DSHS notifying her of the issuance of the forfeiture warrant. But, like the chancery court, we find there was no due process violation as a result. Under these circumstances, "due process does not require that a party *receive* actual notice; it requires only that the government choose a method of notification that is reasonably calculated to *provide* notice." *Wilson v. Blount Cty.*, 207 S.W.3d 741, 749 (Tenn. 2006); *Redd v. Tenn. Dep't of Safety*, 895 S.W.2d 332, 334-35 (Tenn. 1995). DSHS provided notice of the issuance of the forfeiture warrant via certified mail to her home address. We held in a similar circumstance that such a method was reasonably calculated to provide notice, even though the person had moved. *Nicholas v. Tenn. Dep't of Safety & Homeland Sec.*, No. M2017-01674-COA-R3-CV, 2018 WL 3831518, *6 (Tenn. Ct. App. Aug. 13, 2018). Here, Ms. Fisher testified that she lived at the address where the letter was sent.

In this appeal, Ms. Fisher also complains that she did not receive the Notice of Property Seizure until the day after she was cited for driving with a revoked license. The DSHS points out that this issue was not raised in the chancery court. And even if the issue had been raised, DSHS submits that delivery of the Notice of Property Seizure the following day complies with the statutory requirement. *See* Tenn. Code Ann. § 40-33-203(c) (requiring the seizing officer to "provide the person found in possession of the [car] . . . a receipt titled a 'Notice of Seizure.'"). We need not address the issue. *See Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal."). Because Ms. Fisher did not raise the issue before the chancery court, we consider the issue waived. *See Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) ("The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver.").

B.

The Eighth Amendment to the United States Constitution prohibits government actors from imposing excessive fines as punishment for a crime. U.S. Const. amend VIII; *see Timbs v. Indiana*, 139 S. Ct. 682, 686 (2019) (holding that the Fourteenth Amendment incorporates the Eighth Amendment's Excessive Fines Clause against the states). While forfeiture is a civil proceeding, because it is, "at least in part, a punitive measure" the excessive fines clause applies to civil forfeiture proceedings. *Stuart v. Tenn. Dep't of Safety*, 963 S.W.2d 28, 34 (Tenn. 1998) (citing *Austin v. United States*, 509 U.S. 602, 621-22 (1993)).

A proportionality test, comparing the gravity of a claimant's criminal conduct with the value of the forfeited property, is used to determine whether a forfeiture of property is excessive. *Id.* at 35; *see also U.S. v. Bajakajian*, 524 U.S. 321, 336-37 (1998) (explaining that courts must "compare the amount of the forfeiture to the gravity of the . . . offense"). The proportionality analysis takes into consideration the following factors:

6

(1) the harshness of the penalty compared with the gravity of the underlying offense;
(2) the harshness of the penalty compared with the culpability of the claimant; and
(3) the relationship between the property and the offense, including whether use of the property was (a) important to the success of the crime, (b) deliberate and planned or merely incidental and fortuitous, and (c) extensive in terms of time and spatial use.

*Stuart*, 963 S.W.2d at 35.

The harshness of the penalty considers the monetary value of the property forfeited in light of the claimant's financial resources. *Id.* at 36. For example, "a forfeited vehicle may be worth little, but undue hardship may still result if the claimant's family cannot afford to replace it and has no other means of transportation." *Id.* The record establishes that Ms. Fisher had limited financial resources. But no evidence was presented showing the value of the forfeited car. And the record establishes that Ms. Fisher had at least some access to another means of transportation. Ms. Fisher testified that her daughter drove her to file her petition with DSHS.

When determining the gravity of the underlying offense we are guided by three principles. First, intentional conduct is more serious than negligent conduct. *Id.* at 36. Second, completed crimes are more serious than attempted crimes. *Id.* Finally, violent crimes are more serious than nonviolent crimes. *Id.* Ms. Fisher made a conscious decision to drive a car with a revoked license, so her conduct was intentional. And she actually drove the car, completing the crime.

Ms. Fisher argues her eligibility for a restricted license meant her offense was not sufficiently serious to warrant forfeiture of her car. She contends that our decision in *Hawks v. Greene* supports such a conclusion. No. M1999-02785-COA-R3-CV, 2001 WL 1613889, at *17 (Tenn. Ct. App. Dec. 18, 2001). But *Hawks* leads us to the opposite conclusion. In *Hawks*, we stated that a driver, like Ms. Fisher, who violates a mandatory revocation restriction commits a "serious or grave offense because it . . . indicate[s] a . . . serious disregard for the consequences of [an] earlier conviction." *See id.* at *11.

Under the culpability factor, a claimant acquitted of an offense is least culpable. *Stuart*, 963 S.W.2d at 36. A claimant convicted of an offense is most culpable. *Id.* And a claimant never charged with an offense is presumed innocent. *Id.* Here, Ms. Fisher was convicted of driving without a license, rather than driving on a revoked license. But Ms. Fisher testified that she knew she had not met all of the requirements to obtain a restricted license. And she also knew that she was years away from regaining her driving privileges when she decided to drive. These facts establish a high level of culpability.

7

We also note that a conviction for the criminal offense of driving while the person's driving privileges are revoked is not necessary for a vehicle to be subject to seizure and forfeiture. Tenn. Code Ann. § 55-50-504(g)(2).

Finally, we "inquire whether the property was important to the success of the criminal activity." *Stuart*, 963 S.W.2d at 36. Here, the property used—a car—is inseparable from the crime committed—driving without a license.

We cannot conclude that the forfeiture of Ms. Fisher's car was an excessive fine. Only the first factor of the proportionality test, harshness of the penalty, could conceivably weigh against permitting the forfeiture. The other two factors of the test weigh heavily in favor of permitting the forfeiture.

### III.

We do not find that the forfeiture of Ms. Fisher's car violated the Due Process Clause of the Fourteenth Amendment or the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. So we affirm the judgment of the chancery court. The case is remanded for such further proceedings as may be necessary in light of this opinion.

_____
W. NEAL McBRAYER, JUDGE