IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 29, 2013 at Knoxville

## WADE P. TUCKER v. ARVIL CHAPMAN, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15192     Robert L. Jones, Judge**

**No. M2012-01493-CCA-R3-HC - Filed February 26, 2013**

The petitioner, Wade P. Tucker, appeals the summary dismissal of his *pro se* petition for writ of habeas corpus, arguing that the court erred in failing to consider his motion for appointment of counsel and that the indictment was defective so as to deprive the trial court of subject matter jurisdiction. After review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

Wade P. Tucker, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was indicted by the Franklin County Grand Jury on charges of attempted first-degree murder, especially aggravated robbery, and especially aggravated burglary arising out of his entering the home of his estranged wife, shooting her multiple times with a shotgun, and taking, among other things, her wallet and jewelry. State v. Wade P. Tucker, No. M2001-02298-CCA-R3-CD, 2002 WL 1574998, at *2-3 (Tenn. Crim. App. July 17, 2002), perm. app. denied (Tenn. Dec. 23, 2002). The petitioner pled guilty to attempted first-degree murder and received a sentence of twenty-four years in the Department of Correction, but he proceeded to a bench trial on the remaining charges. Id. at *1. Following the bench trial, the court convicted the petitioner of especially aggravated robbery and aggravated burglary, and the petitioner challenged both of those convictions on direct appeal. Id. After review, this court affirmed the petitioner's conviction for especially

aggravated robbery, but we reversed and vacated the conviction for aggravated burglary. Id. at *9.

On May 7, 2012, the petitioner filed a petition for writ of habeas corpus[1] in which he alleged that his conviction for especially aggravated robbery was void because "the indictment failed to charge an offense and thus it failed to confer upon the trial court jurisdiction to enter the judgment." He claimed that the indictment failed to charge an offense because the indictment "fail[ed] to include the essential element 'fear.'" That same day, the petitioner filed a motion for the appointment of counsel. On June 22, 2012, the habeas court entered an order dismissing the petition, finding that "the petitioner's argument that the indictment was fatally defective so as to have deprived the trial court of jurisdiction is without merit." The petitioner appealed.

On appeal, the petitioner agues that the indictment was defective so as to deprive the trial court of subject matter jurisdiction and also that the habeas court erred by failing to consider his motion for appointment of counsel prior to dismissing the petition.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

With regard to the indictment, the petitioner argues that it "did not comply with constitutional and statutory requirements for indictments" in that it "d[id] not charge an offense for which [he] may be convicted." It appears as though the basis for this argument is that the indictment did not include the statutory language for the offense of robbery, even though "especially aggravated robbery is robbery as defined in § 39-14-401[.]"

---

[1] In the petition, the petitioner states it is his "second application for the writ."

-2-

We initially note that in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529. "A valid indictment is an essential jurisdictional element, without which there can be no prosecution." Id. (citations omitted).

Tennessee Code Annotated section 40-13-202 requires that an indictment

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Id. Both the Federal and Tennessee Constitutions guarantee a criminal defendant knowledge of the "nature and cause of the accusation." U.S. Const. amend. VI; see also Tenn. Const. art. I, § 9. An indictment, therefore, must provide notice of the offense charged, adequate grounds upon which a proper judgment may be entered, and suitable protection against double jeopardy. Tenn. Code Ann. § 40-13-202; State v. Byrd, 820 S.W.2d 739, 740-41 (Tenn. 1991). Our supreme court has held that reference to the appropriate statute provides notice to the defendant of the applicable mens rea, notice of the offense upon which to enter the judgment, and protection from subsequent prosecution on the same offense. See State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999).

Especially aggravated robbery is defined as "robbery as defined in § 39-13-401: (1) [a]ccomplished with a deadly weapon; and (2) [w]here the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-403(a). Robbery is the "intentional or knowing theft of property from the person of another by violence or putting the person in fear." Id. § 39-13-401(a). "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Id. § 39-14-103(a).

The indictment charging the petitioner with especially aggravated robbery reads:

> That Wade P. Tucker . . . did knowingly obtain or exercise control over the property from the person of Debbie Tucker without her consent, and with the intent to deprive her of her property; and accomplished this with a deadly weapon, to-wit: a gun, and the said Debbie Tucker did suffer serious bodily

-3-

injury; all in violation of T.C.A. 39-13-403 . . . .

The petitioner relies on State v. Clark, 2 S.W.3d 233 (Tenn. Crim. App. 1998), in support of his argument that the indictment failed to charge an offense. In that case, the indictment, one for attempted aggravated robbery, simply charged that the defendant "did unlawfully and knowingly attempt to commit the criminal offense of Aggravated Robbery, in violation of T.C.A. § 39-12-101 and T.C.A. § 39-13-402." Id. at 234. This court determined, "Judging the language of count one of the indictment against the statutory definition of the offense, it is clear that the indictment alleges a legal conclusion – that the defendant committed attempted aggravated robbery – without alleging the facts and circumstances which constitute that crime." Id. at 236. The court concluded that the indictment, therefore, failed to charge an offense and that "the judgment based thereon is a nullity and cannot stand." Id. at 237.

Clearly, the indictment in this case did not merely recite a legal result or conclusion, and it contained facts sufficient to provide notice to the petitioner of the applicable mens rea, notice of the offense upon which to enter the judgment, and protection from subsequent prosecution on the same offense. Moreover, the indictment also properly referenced the statute for especially aggravated robbery. Accordingly, the indictment was not fatally defective, and the petitioner has not carried his burden of proving that the judgment against him was void.

In addition, because the indictment was not fatally defective and gave the trial court jurisdiction to enter judgment against the petitioner, the habeas court did not err in dismissing the petition without appointing counsel. It is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Summers, 212 S.W.3d at 260; Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005).

Based on the foregoing authorities and reasoning, we affirm the habeas court's summary dismissal of the petition.

_____
ALAN E. GLENN, JUDGE