## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1998 SESSION



**FILED**

**November 6, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9707-CC-00277 |
| | ) | |
| vs. | ) | Madison County |
| | ) | |
| **JOHN EDWARD CLARK,** | ) | Hon. Whit Lafon, Judge |
| | ) | |
| Appellant. | ) | (Attempted Aggravated Robbery, Vandalism) |

FOR THE APPELLANT:

**CLIFFORD K. McGOWN, JR.** (appeal only)
Attorney at Law
113 N. Court Square
Waverly, TN 37185

**GEORGE MORTON GOOGE**
(at trial and of counsel on appeal)
District Public Defender

**STEPHEN P. SPRACHER**
(at trial and of counsel on appeal)
Asst. Dist. Public Defender
227 W. Baltimore St.
Jackson, TN 38301

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Counsel for the State
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**JAMES W. THOMPSON**
Asst. District Attorney General
P.O. Box 2825
Jackson, TN 38302

OPINION FILED:_____

**REVERSED & DISMISSED - ATTEMPTED AGGRAVATED ROBBERY**
**AFFIRMED - VANDALISM**

**CURWOOD WITT, JUDGE**

## OPINION

The defendant, John Edward Clark, stands convicted of attempted aggravated robbery and vandalism following his jury trial in the Madison County Circuit Court. He is presently incarcerated in the Department of Correction serving the effective ten year sentence imposed for his crimes. In this direct appeal, Clark challenges (1) the sufficiency of the indictment charging him with attempted aggravated robbery in that it does not identify the victim, and (2) the length of the sentence imposed for attempted aggravated robbery. After a review of the record, the briefs, and the applicable law, we find the attempted aggravated robbery indictment fatally deficient, although not for the reason advanced by the defendant. As a result, the prosecution is a nullity, and we have no jurisdiction to consider the second issue.

The state's evidence at trial was that Clark approached the owner of a Madison County shoe store as the owner arrived at his store. Clark stuck a gun in the man's side and demanded the man give him everything he had. Clark was scared away when a passerby called him by name. Clark was apprehended later that day. While being transported by the authorities, he kicked out a window in a patrol car.[1]

Thereafter, the Madison County Grand Jury returned a two-count indictment of the defendant. Count one alleged

> [T]hat John Edward Clark on or about August 17, 1996, in Madison County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly attempt to commit the criminal offense of Aggravated Robbery, in violation of T.C.A. §39-12-101 and T.C.A.

---

[1] Not surprisingly, Clark's version of events differed from the state's evidence. Clark claimed that both he and the owner of the shoe store were interested romantically in the same person, and this romantic rivalry resulted in a false accusation against him. Clark admitted, however, that he kicked out the window of the patrol car.

§39-13-402, all of which is against the peace and dignity of the State of Tennessee.

Count two alleged

[T]hat John Edward Clark on or about August 17, 1996, in Madison County, Tennessee, and before the finding of this indictment, did knowingly cause damage to and/or destruction of property, to wit: the window in a patrol car belonging to the Jackson Police Department, under the value of Five Hundred Dollars ($500.00), in violation of T.C.A. § 39-14-408, all of which is against the peace and dignity of the State of Tennessee.

In his first issue, the defendant alleges that count one of the indictment is fatally deficient because it fails to name the victim. A lawful accusation is a condition precedent to jurisdiction, and a judgment obtained in the absence of an indictment alleging each essential element of the offense is a nullity. State v. Trusty, 919 S.W.2d 305, 309-10 (Tenn. 1996) (citations omitted). In this regard, a defendant is entitled to knowledge of "the nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. art. I, § 9. Tennessee law further requires that an indictment

state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202 (1997) (emphasis added). Furthermore, the purpose of an indictment is threefold. "First, it must inform the defendant of the precise charges. Second, it must enable the trial court upon conviction to enter an appropriate judgment and sentence; and, last, it must protect defendant against double jeopardy." State v. Trusty, 914 S.W.2d 305, 309 (Tenn. 1996).

The defendant argues that the victim's identity is essential to prosecution of the offense. In this regard, we note that Tennessee courts have

allowed amendments of indictments to reflect properly the victims' names.  See,
e.g., State v. Preston Carter, No. 02C01-9504-CR-00100, slip op. at 5 (Tenn. Crim.
App., Jackson, July 26, 1996); State v. Hensley, 656 S.W.2d 410, 413 (Tenn. Crim.
App. 1983).  In such cases, the appellate courts have observed that a change in the
victim's name has not served to change the identity of the crime charged.  See, e.g.,
Preston Carter, slip op. at 5; Hensley, 656 S.W.2d at 413; accord Tenn. R. Crim. P.
7(b) (amendment to indictment without defendant's consent allowed prior to
jeopardy attaching where "no additional or different offense is thereby charged and
no substantial rights of the defendant are thereby prejudiced").  Moreover,
aggravated robbery (or in this case, attempted aggravated robbery) is not classified
as an offense based upon its perpetration against certain classes of individuals,
such as police officers or children under a specified age.[2]  In other words, the
identity of the victim does not serve to identify the crime.  Thus, the identity of the
victim is not an essential element of the crime, and the charging instrument is not
defective merely for failing to identify the victim.[3]

That said, we have discerned a broader flaw in count one, of
which failure to identify the victim may be a facet.  We are obliged to notice the flaw
as plain error.  See Tenn. R. App. P. 52(b).  As Tennessee law provides, defects
in or objections to an indictment based upon failure to show jurisdiction or failure to

_____

[2]Cf., e.g., Tenn. Code Ann. § 39-13-502(a)(3)(B) (1997) (aggravated rape
- mentally defective, mentally incapacitated or physically helpless victim); Tenn.
Code Ann. § 39-13-504(a)(3)(B), (4) (1997) (aggravated sexual battery - victim
mentally defective, mentally incapacitated or physically helpless, or victim under
13 years of age); Tenn. Code Ann. § 39-16-102 (1997) (bribery of public
servant).

[3]In such a case, however, a defendant needing more information in order
to adequately prepare for trial on the charges against him might move the court
to order the prosecution to provide a bill of particulars.  See Tenn. R. Crim. P.
7(c).  The defendant in the case at bar makes no allegation that he was unable
to prepare for trial by virtue of the indictment's failure to identify the victim in
count one.  Accordingly, we fail to see how the absence of the victim's name has
rendered this defendant uninformed of the nature of the charge against him.

4

charge an offense "shall be noticed by the court at any time during the pendency of the proceedings[.]" Tenn. R. Crim. P. 12(b)(2). In the case at bar, count one fails to charge an offense.

In Warden v. State, 214 Tenn. 391, 394, 381 S.W.2d 244, 245 (1964), our supreme court observed that an "indictment must state 'such facts and circumstances as will constitute the crime, and not merely a legal result' or conclusion." (citations omitted). Furthermore, according to Warden, this "constitutional" principle has been embodied in (former) Code section 40-1802 (now 40-13-202), the provision which defines the requisites of an indictment. Warden, 214 Tenn. at 394, 381 S.W.2d at 245. "[A] mere statement of a legal result or conclusion . . . [is] insufficient to charge an offense." Warden, 214 Tenn. at 395, 381 S.W.2d at 246; see also State v. Cutshaw, 967 S.W.2d 332, 338 (Tenn. Crim. App. 1997). "By requiring the indictment to allege the facts which constitute the offense, Tennessee necessarily requires that the factual allegations must relate to all the essential elements of that offense . . . ." State v. Marshall, 870 S.W.2d 532, 537 (Tenn. Crim. App. 1993) (emphasis added); see also VanArsdall v. State, 919 S.W.2d 626, 630 (Tenn. Crim. App. 1995) ("[I]n addition to alleging the elements, the indictment must state facts which constitute the offense."); State v. William E. Norman, No. 03C01-9309-CR-00306, slip op. at 6 (Tenn. Crim. App., Knoxville, Oct. 25, 1994) ("If Count I of the indictment had merely stated that the Defendant was being accused of Aggravated Rape, and even if this was coupled with the time, place and victim of the alleged crime, this would merely be stating a legal result or conclusion. . . . ")

"Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (1997). The crime is elevated to aggravated robbery if it is

5

"[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon" or if "the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-402(a) (1997). A person commits the crime of criminal attempt who

> acting with the kind of culpability otherwise required for the offense:
> (1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;
> (2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or
> (3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

Tenn. Code Ann. § 39-12-101(a) (1997).

Judging the language of count one of the indictment against the statutory definition of the offense, it is clear that the indictment alleges a legal conclusion -- that the defendant committed attempted aggravated robbery -- without alleging the facts and circumstances which constitute that crime. Count one does not, for example, allege that the victim was placed in fear or that the defendant employed a weapon. Cf., e.g., State v. Morgan, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979) (DUI warrant which failed to allege that defendant was driving held void because it failed to charge an offense); McCracken v. State, 489 S.W.2d 48, 52-53 (Tenn. Crim. App. 1972) (kidnapping presentment which failed to allege asportation and secrecy held void, no offense charged). Thus, this count of the indictment fails to charge an offense, and the judgment based thereon is a nullity and cannot stand. See Trusty, 919 S.W.2d at 309-10; State v. Perkinson, 867 S.W.2d 1, 5 (Tenn. Crim. App. 1992).

We are aware that our supreme court has recently said that "where the constitutional and statutory requirements outlined in [State v. Hill, 954 S.W.2d

725 (Tenn. 1997)] are met, an indictment which cites the statute and uses its language will be sufficient to support a conviction." George A. Ruff v. State, --- S.W.2d ---, No. 03S01-9711-CC-00140, slip op. at 11 (Tenn. Sept. 28, 1998) (indictment challenged for failure to allege culpable mental state). While the court in George A. Ruff affirms its statement in Hill that it has "relaxed the strict pleading requirements of common law," George A. Ruff, slip op. at 11, there is no indication that such relaxation goes so far as to overturn the mandate of Warden that the indictment state facts and not mere results or conclusions. The court in George A. Ruff used the "constitutional and statutory requirements outlined in Hill" as a touchstone for indictment sufficiency. George A. Ruff, slip op. at 11 (emphasis added). The statutory requirement amplified by Hill is the above quoted Code section 40-13-202 which requires the indictment to "state the facts constituting the offense." Hill, 954 S.W.2d 726-27. Thus, we do not read George A. Ruff as authorizing indictments which merely allege that an accused committed the offense that is proscribed by a named statute. Such an allegation is patently conclusory and is, per Warden and its progeny, insufficient to meet either constitutional or statutory standards for indictments.

Because the law requires that a conviction be premised upon a lawful charging instrument and there is none in this case, we are obliged to notice the deficiency as plain error.[4] To be sure, we do not have jurisdiction to affirm a conviction imposed by a court which had, by virtue of the void charging instrument, no jurisdiction to impose the conviction.

---

[4]Because of the four-year statute of limitations, discussed infra at n.5, declining to address the issue as plain error on direct appeal would likely result in expiration of the limitations period for prosecution before conclusion of possible post-conviction or habeas corpus actions. In such a situation, the state would be time-barred from seeking a sufficient indictment and prosecuting the defendant.

However, because there has been no lawful prosecution of the defendant in the case at bar, jeopardy has not attached with respect to the events which formed the basis of his attempted aggravated robbery conviction. Rivera v. State, 1 Tenn. Crim. App. 395, 398, 443 S.W.2d 675, 677 (1969) ("[I]t is fundamental that a defendant is not placed in jeopardy in a void criminal trial.") Therefore, the state may, within the applicable statutorily prescribed period,[5] obtain a new indictment which conforms to the dictates of Tennessee law and prosecute the defendant accordingly. See Cutshaw, 967 S.W.2d at 339 n.3 (Byers, J., concurring in results).

Our finding relative to the attempted aggravated robbery conviction renders moot the defendant's complaint about the length of his effective ten-year sentence.[6] Thus, we decline to engage in a gratuitous discussion of the alleged errors.

In sum, we find a fatal deficiency in the attempted aggravated robbery indictment and reverse and dismiss the attendant conviction. On the other hand, no error has been alleged or discovered relative to the vandalism conviction, which we affirm.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____

_____

[5]The statute of limitations for a Class C felony is four years. Tenn. Code Ann. § 40-2-101(a)(3) (1997).

[6]The defendant made no complaint about the 11 month, 29 day concurrent sentence he received for vandalism.

JOE G. RILEY, JUDGE


_____
ROBERT W. WEDEMEYER, SPECIAL JUDGE


s