# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 27, 2011

## BRYAN KEITH GOOD v. JIM MORROW, WARDEN

**Appeal from the Circuit Court for Bledsoe County**
**No. 2011-CR-24     J. Curtis Smith, Jr., Judge**

_____

**No. E2011-01166-CCA-R3-HC - Filed December 12, 2011**

_____

The Petitioner, Bryan Keith Good, appeals as of right from the Bledsoe County Circuit Court's summary dismissal of his petition for writ of habeas corpus. The Petitioner contends (1) that the judgment against him is void because the State failed to include the name of the victim in the indictment and (2) that subsequent amendment of the indictment did not cure the alleged defect. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Bryan Keith Good, Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; James Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that on July 9, 2008, the Petitioner was convicted of criminally negligent homicide, attempted aggravated robbery, and unlawful possession of a deadly weapon. The trial court sentenced the Petitioner as a Range III, persistent offender to 15 years for the attempted aggravated robbery conviction and to 6 years for each of the remaining convictions. The trial court ordered the sentences to be served consecutively for an effective sentence of 27 years. This court affirmed the Petitioner's convictions and sentence on direct appeal. State v. Bryan Keith Good, No. E2009-00926-CCA-R3-CD, 2010 WL 3706625 (Tenn. Crim. App. Sept. 23, 2010), perm. appeal dismissed (Tenn. March 9,

2011). On April 6, 2011, the Petitioner filed a pro se petition for writ of habeas corpus alleging that the trial court lacked jurisdiction because the attempted aggravated robbery count of the indictment failed to name the victim. The habeas corpus court summarily dismissed the petition on May 17, 2011, and this appeal followed.

The Petitioner contends that the habeas corpus erred by summarily dismissing his petition. The Petitioner argues that the trial court lacked jurisdiction because the attempted aggravated robbery count of the indictment failed to name the victim. The Petitioner further argues that the subsequent amendment of the indictment failed to cure the alleged defect. The State responds that the lack of the victim's name on the indictment does not render the judgment void.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

A challenge to the sufficiency of an indictment may be brought in a habeas corpus proceeding if "the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). However, this court has previously determined that "the identity of the victim is not an essential element of [attempted aggravated robbery], and the charging instrument is not defective merely for failing to identify the victim." State v. Clark, 2 S.W.3d 233, 235 (Tenn. Crim. App. 1998). As such, the Petitioner has failed to state a cognizable claim for habeas corpus relief. See Jeffrey A. Simmons v. State, No. W2007-01925-CCA-R3-HC, 2008 WL 2115443, at *2 (Tenn. Crim. App. May 20, 2008), perm. appeal denied (Tenn. Oct. 27, 2008). Accordingly, we conclude that the habeas corpus court did not err in summarily dismissing the petition.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE