IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 4, 2018

## DEMOND HUGHES GUNN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. CC-17-CR-102 Joe H. Walker, III, Judge**

_____

### No. W2017-01548-CCA-R3-HC

_____

The pro se Petitioner, Demond Hughes Gunn, appeals the summary dismissal of his petition for writ of habeas corpus. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Demond Hughes Gunn, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; for the appellee, State of Tennessee.

### OPINION

### FACTS

In 2012, the Petitioner pled guilty in the Shelby County Criminal Court to especially aggravated robbery, aggravated robbery, and aggravated rape in exchange for an effective sentence of twenty-five years in the Department of Correction. His subsequent post-conviction petition based on ineffective assistance of counsel was denied, and this court affirmed the judgment of the post-conviction court. See Demond Hughes v. State[1], No. W2016-00414-CCA-R3-PC, 2017 WL 1290850, at * 1 (Tenn. Crim. App. Apr. 6, 2017).

_____

[1] The Petitioner has apparently been known by two different names in the past: Demond Hughes and Demond Gunn. See Demond Hughes, 2017 WL 1290850, n. 1, at * 6.

On June 2, 2017, the Petitioner filed a petition for writ of habeas corpus in which he alleged that he was entitled to habeas corpus relief because counts three and four of the indictment failed to name the victim, whose identity is an essential element of aggravated rape.

On June 8, 2017, the habeas court entered an order summarily dismissing the petition on the grounds that the Petitioner failed to attach a copy of the indictment or the judgments. The Petitioner then filed a motion to supplement the record, accompanied by copies of the judgments and indictment. On June 28, 2017, the habeas corpus court entered another order of summary dismissal in which it noted that someone had apparently "blacked out" the name of the victim on the copy of the indictment the Petitioner attached to his motion to supplement the record. The court further noted that "defenses and objections based on a defective indictment" are generally waived if not raised prior to trial and concluded that the Petitioner was not entitled to habeas corpus relief. This appeal followed.

## ANALYSIS

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A challenge to the sufficiency of an indictment may be brought in a habeas corpus proceeding if "the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d at 529.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. Id.

We conclude that the habeas court properly dismissed the petition without an evidentiary hearing on the basis that it failed to state a cognizable claim for habeas corpus relief. As the habeas corpus court observed in its order of summary dismissal, the

victim's name appears to have been "blacked out" or whited out on the copy of the indictment that the Petitioner attached to his motion to supplement the record. We note that the Petitioner's covering of the victim's name was sloppily done, making it obvious upon first glance that the indictment had been altered. Moreover, as the State points out, the victim's name is present on the copy of the indictment that is included in the record of the post-conviction case. Regardless, we agree with the State that the victim's name was not an essential element of the crime. See State v. Clark, 2 S.W.3d 233 (Tenn. Crim. App. 1998) (concluding that an indictment that failed to name the victim of attempted aggravated robbery was not defective because aggravated robbery is not a crime that is "classified as an offense based upon its perpetration against certain classes of individuals, such as police officers or children under a specified age"); see also Jeffrey A. Simmons v. State, No. W2008 WL 2115443, at *2 (Tenn. Crim. App. May 20, 2008), perm. app. denied (Tenn. Oct. 27, 2008) (concluding that petitioner's complaint that his indictment listed the victim as "Jane Doe" was not a cognizable claim for habeas corpus relief because the victim's name is not an essential element of offense of aggravated sexual battery). Accordingly, we affirm the summary dismissal of the petition for writ of habeas corpus.

## CONCLUSION

Because the Petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE