# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
October 1, 2019 Session

## CURTIS TAYLOR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 12-03591     Glenn I. Wright, Judge

_____

### No. W2018-00807-CCA-R3-PC

_____

A Shelby County jury convicted the Petitioner, Curtis Taylor, of voluntary manslaughter, attempted first degree murder, possession of a firearm after having been convicted of a felony, and use of a firearm during the commission of a dangerous felony. The trial court imposed an effective thirty-five-year sentence. The Petitioner appealed, and this court affirmed the convictions and sentence. *See State v. Curtis Taylor*, No. W2013-01820-CCA-R3-CD, 2014 WL 4244024 (Tenn. Crim. App., at Jackson, Aug. 7, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014). The Petitioner filed a post-conviction petition, claiming he received the ineffective assistance of counsel. After a hearing, the post-conviction court denied relief. The Petitioner appeals the denial, maintaining that his counsel was ineffective. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Josie S. Holland, Memphis, Tennessee, for the appellant, Curtis Taylor.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

A Shelby County grand jury indicted the Petitioner for first-degree premeditated murder, attempted first-degree murder, possession of a firearm after having been convicted of a felony, and use of a firearm during the commission of a dangerous felony.

At a July 2013 trial, the evidence showed that the Petitioner had been outside the Parkway Food Market with a group of people. An argument broke out, and the Petitioner fired a gun seven or eight times. The victim, Radrako Newson, was shot twice, once in the chest and once in the leg, before managing to run away. The victim died as a result of the gunshot wounds.

After hearing the evidence, the jury convicted the Petitioner of the lesser-included offense of the voluntary manslaughter of the victim, attempted first degree murder for shooting into the crowd, possession of a firearm after having been convicted of a felony, and use of a firearm during the commission of a dangerous felony. The trial court sentenced the Petitioner to serve a total effective sentence of thirty-five years. The Petitioner appealed his convictions, claiming the evidence was insufficient to sustain the voluntary manslaughter conviction, and the trial court improperly sentenced him. *Curtis Taylor*, 2014 WL 4244024, at *1. This court affirmed the judgments and sentences, but remanded the case for entry of corrected judgments.

The Petitioner filed a petition for post-conviction relief, claiming ineffective assistance of counsel. At a hearing on the petition, the parties presented the following evidence: Trial counsel ("Counsel") testified that he represented the Petitioner and met with him numerous times in preparation for trial. He recalled arranging for a room in the courthouse where the Petitioner could view the surveillance video footage of the shooting. Counsel stated that the defense strategy was that the Petitioner shot the victim by accident. Due to the surveillance footage of the shooting, Counsel believed that the State would be able to prove that the Petitioner was the shooter.

Counsel testified that the Petitioner communicated well with him in preparation for trial. He said that they "got along well" and that he liked the Petitioner. Counsel said that he never had any concerns about the Petitioner's mental health. Counsel agreed that, in the motion for new trial, he argued that the indictment for attempted first degree murder was defective because a victim was not named. He did not, however, pursue the issue on appeal. He explained that he did not want to take a "shotgun approach" on appeal, "throwing many issues off and seeing what would stick." Instead, he focused on the issues he believed were more meritorious such as the argument that a thirty-five year sentence was excessive for an accidental shooting.

On cross-examination, Counsel testified that the Petitioner was charged with the first degree murder of the victim in Count 1 of the indictment, and the jury returned a verdict of voluntary manslaughter, a lesser-included offense. He said that he was pleased that the jury convicted on a lesser-included offense. Counsel read aloud the second count of the indictment for attempted first degree murder into the record as follows:

[The Petitioner] on July 27th, 2011 in Shelby County, Tennessee and before the finding of this Indictment did unlawfully attempt to commit the offense of first degree murder as defined in TCA 39-13-202, and that he did unlawfully, intentionally, and with premeditation attempt to kill a person whose identity is to the grand jurors [aforesaid] unknown in violation of TCA 39-12-101 against the peace and dignity of the State of Tennessee.

Counsel explained his decision not to appeal the Petitioner's conviction for attempted first-degree murder based upon the issue concerning the absence of the victim's name on the indictment. Counsel stated that the surveillance video showed the Petitioner shooting the victim and then chasing ten to twenty-five other people in the area with a gun and firing several shots at those people from a fairly close range. Counsel said that he did not think an appeal on that issue would be successful due to the video evidence showing the Petitioner chasing and shooting at the other people. He reiterated that he believed the better argument was with regard to sentencing.

The Petitioner testified that he told Counsel that he took medication for his mental health diagnosis of paranoid schizophrenia. The Petitioner stated that Counsel failed to thoroughly cross-examine a witness who described what the Petitioner had been wearing at the time of the shooting. The Petitioner described being "scared for [his] life" the night of the shooting because he believed the men outside the store were "going to reach for a gun." The Petitioner stated that Counsel never discussed with him the indictments or the motion for new trial.

On cross-examination, the Defendant agreed that he never disputed his identity on the surveillance footage of the shooting. He agreed that his identity was not an issue despite his complaint that Counsel did not effectively cross-examine a witness about what the Petitioner wore during the shooting.

Based upon this evidence, the post-conviction court denied the Petitioner's petition for post-conviction relief. It is from that judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner argues that the attempted first degree murder conviction should be vacated due to the State's failure to name a victim in the indictment. He further argues that Counsel was ineffective when he failed to challenge the insufficiency of the indictment. The State responds that the Petitioner has failed to prove his allegations by clear and convincing evidence and that he has also failed to show that Counsel's representation prejudiced him. We agree with the State.

- 3 -

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2014). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2014). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997)). A post-conviction court's factual findings are subject to a *de novo* review by this Court; however, we must accord these factual findings a presumption of correctness, which can be overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. *Id*. at 457.

## A. Indictment

The Petitioner alleges that Count 2 of the indictment, attempted first degree murder, is fatally deficient because it fails to name a victim. A lawful accusation is a condition precedent to jurisdiction, and a judgment obtained in the absence of an indictment alleging each essential element of the offense is a nullity. *State v. Trusty*, 919 S.W.2d 305, 309-10 (Tenn.1996) (citations omitted). In this regard, a defendant is entitled to knowledge of "the nature and cause of the accusation." U.S. Const. amend. VI; Tenn. Const. art. I, § 9. Tennessee law further requires that an indictment

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. . . .

T.C.A. § 40-13-202 (2018). Furthermore, the purpose of an indictment is threefold. "First, it must inform the defendant of the precise charges. Second, it must enable the trial court upon conviction to enter an appropriate judgment and sentence; and, last, it must protect defendant against double jeopardy." *Trusty*, 919 S.W.2d at 309.

The Petitioner argues that the victim's identity is essential to prosecution of the offense. In this regard, we note that Tennessee courts have allowed amendments of indictments to reflect properly the victims' names and observed that a change in the

victim's name has not served to change the identity of the crime charged. *See, e.g., State v. Preston Carter*, No. 02C01-9504-CR-00100, 1996 WL 417669, at *1 (Tenn. Crim. App., Jackson, July 26, 1996); *State v. Hensley*, 656 S.W.2d 410, 413 (Tenn. Crim. App. 1983); *accord* Tenn. R. Crim. P. 7(b) (amendment to indictment without defendant's consent allowed prior to jeopardy attaching where "no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced"). Moreover, first degree murder (or in this case, attempted first degree murder) is not classified as an offense based upon its perpetration against certain classes of individuals, such as police officers or minor children. In other words, the identity of the victim does not serve to identify the crime. Thus, this court has held that "the identity of the victim is not an essential element of the crime, and the charging instrument is not defective for failing to identify the victim." *State v. Clark*, 2 S.W. 3d 233, 235 (Tenn. Crim. App. 1998); *See also*, *State v. Faulkner*, No. E2000-00309-CCA-R3-CD, 2001 WL 378540, at *8 (Tenn. Crim. App., at Knoxville, April 17, 2001), *perm. app. denied* (Tenn. Sept. 10, 2001) (attempted first-degree murder requires only a specific intent to kill "a person," not a specific intent to kill a specific person).

Accordingly, we conclude that, because the name of the victim is not an element of attempted first degree murder, the indictment in this case was sufficient to confer jurisdiction to the court and to charge an offense. The Petitioner is not entitled to relief as to this issue.

## B. Ineffective Assistance of Counsel

The Petitioner asserts that Counsel was ineffective when he failed to challenge the sufficiency of the indictment at the trial court and on direct appeal. He further argues that Counsel's failure to obtain a mental health evaluation of the Petitioner was deficient and prevented the Petitioner from using the results of the evaluation during plea negotiations and sentencing.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). The following two-prong test directs a court's evaluation of a claim for ineffectiveness:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that

counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989).

In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, "a petitioner must show that counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996)).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland*, 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court should avoid the "distorting effects of hindsight" and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 689-90. In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. Finally, we note that a defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "'The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.'" *House*, 44 S.W.3d at 515 (quoting *Goad*, 938 S.W.2d at 369).

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the Strickland test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

The Petitioner asserts that he received the ineffective assistance of counsel when Counsel failed to challenge the indictment at the trial court level. He, however, failed to provide this court with the relevant trial court proceedings. As the State correctly notes, this court may take judicial notice of the court records in an earlier proceeding of the same case. *See State ex rel. Wilkerson v. Bomar*, 376 S.W.2d 451, 453 (Tenn. 1964). In this case, we are asked to take judicial notice of the trial court proceedings relevant to the Petitioner's challenge. At the post-conviction hearing, Counsel testified that, in his motion for new trial, he challenged the sufficiency of the indictment. Our review of the trial court records confirms his testimony. Further, the motion alleged that the trial court erred when it overruled his objection to the indictment. At the motion for new trial, Counsel argued that the trial court erred in overruling his challenge to the sufficiency of the indictment. The trial court denied a new trial on this basis. Accordingly, the Petitioner has failed to prove by clear and convincing evidence that Counsel failed to challenge the indictment or that the outcome of his trial would have been different.

The Petitioner also asserts that Counsel was ineffective for failing to challenge the indictment on appeal. Counsel testified at the post-conviction hearing that he did not believe that this issue would succeed on appeal due to the surveillance footage that showed the Petitioner chasing and shooting at people. Instead, based upon the defense strategy that the shooting was accidental, Counsel chose to focus on issues that he believed had a better chance of success. This court will not second-guess Counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. *Williams*, 599 S.W.2d at 280. We conclude the Petitioner has failed to show that Counsel was deficient in his decision-making process with regard to appellate issues and that Counsel's appellate strategy prejudiced him.

Finally, the Petitioner contends that Counsel was ineffective for failing to have the Petitioner undergo a mental health evaluation. At the post-conviction hearing, Counsel testified that nothing during his interactions with the Defendant caused him concern with regard to the Petitioner's competency or mental health. He stated that the Petitioner was able to communicate with him about the case. There was no evidence at the post-conviction hearing about the Petitioner's mental health and its impact on his ability to participate in his defense. At most, the Petitioner testified that he had been diagnosed

with a mental illness and took medication; however, the Petitioner does not allege what effect, if any, these medications had on his ability to effectively participate in his defense. The Petitioner has failed to establish by clear and convincing evidence that Counsel was deficient for failing to seek a mental health evaluation for the Petitioner or that the Petitioner was prejudiced by the absence of a mental health evaluation.

Accordingly, the Petitioner has failed to carry his burden of proof with regard to his allegations of Counsel's deficiencies. As such, he is not entitled to relief.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the post-conviction court properly denied post-conviction relief. Accordingly, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE