IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 18, 2022 Session

## STATE OF TENNESSEE v. ISAIAH M.

**Appeal from the Circuit Court for Madison County**
**No. 21-356   Donald H. Allen, Judge**

_____

### No. W2021-01133-COA-R3-JV

_____

This appeal arises out of delinquency proceedings that originated in the Madison County Juvenile Court.  The State filed an initial delinquency petition, but the petition was unverified.  The defect in the petition remained undiscovered by the State until the first witness was sworn at the adjudicatory hearing.  The juvenile court dismissed the petition and found that jeopardy attached.  The State filed a second verified delinquency petition.  However, the juvenile court dismissed the petition finding that it violated principles of double jeopardy.  The State appealed to the circuit court.  The circuit court dismissed the petition finding that jeopardy attached on the initial petition.  The State appeals.  We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY W. ARMSTRONG, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Andrew C. Coulam, Senior Assistant Attorney General, for the appellant, State of Tennessee.

Tim Edward Fowler, Jr., Humboldt, Tennessee, for the appellee, Isaiah M.

### OPINION

### I.     FACTS & PROCEDURAL HISTORY

On or about February 10, 2020, fifteen-year-old Isaiah M. ("Defendant") was residing in his foster home, just a week before he was to be adopted by his foster parents,

when he allegedly committed child rape and aggravated sexual battery. As a result, the State filed a delinquency petition against Defendant in juvenile court. However, the petition was unverified, and the exact filing date of the petition is unknown. Beginning in April 2020, Defendant participated in treatment for sexually reactive and sexually abusive males at Cedar Grove Treatment Program. He attended treatment with the program for approximately nine months.

In March 2021, Defendant filed a motion to dismiss for failure to have an adjudicatory hearing pursuant to Tennessee Rules of Juvenile Practice and Procedure Rule 210, which requires a hearing within 30 days of a juvenile being removed from his or her home or 90 days for any case. In May 2021, the juvenile court held an adjudicatory hearing.[1] During the hearing, counsel for Defendant brought the unverified petition to the court's attention after the first witness was sworn. Therefore, the court entered an order dismissing the charges and dismissing the case due to the unverified petition. The court stated in its order that jeopardy attached because the first witness had taken the stand.

Afterward, instead of appealing the court's order of dismissal, the State filed a second verified petition. Defendant then filed another motion to dismiss. Defendant contended that the State did not have a right of de novo appeal because of double jeopardy, but, even if it did, the proper remedy for the State after issuance of the juvenile court's order was to file a timely appeal to the circuit court within ten days, which it failed to do. The State then filed a memorandum in support of its refiling of the petition. The State argued that a defective charging instrument (the initial petition) did not place Defendant in jeopardy. Furthermore, the State argued that it had a right to refile a second petition and that the second petition did not place Defendant in double jeopardy. After a hearing, the juvenile court entered an order with the following findings: (1) the State could have filed an appeal of the dismissal of the initial petition and did not; (2) the filing of the second petition violated principles of double jeopardy based on the court's previous ruling; (3) the State's argument against double jeopardy was not compelling because the cases cited were not juvenile delinquency cases and the court did not find adequate similarities between an indictment and a delinquency petition; and (4) Defendant's attendance of an extensive rehabilitation program and the recommendations of his forensic evaluation negated any need for rehabilitation, which was a requirement to file a delinquency petition. Therefore, the court dismissed the State's second petition.

The State timely filed an appeal to the circuit court. Defendant then filed a motion to dismiss the appeal. After a hearing in August 2021, the circuit court entered its order. The court summarized the State's argument in its order:

---

[1] At the beginning of the adjudicatory hearing, the judge heard Defendant's argument concerning Rule 210, after which the judge explained that the Tennessee Supreme Court did not allow the court to hear cases at that time unless it was an emergency hearing. This was presumably due to COVID-19.

The State filed a timely appeal from the order dismissing the second petition alleging that an unsworn petition does not invoke the jurisdiction of the Court and a Court that has no jurisdiction cannot place a defendant in jeopardy. Reasoning that because the Juvenile Court lacked jurisdiction because of the original unsworn petition[,] then no jeopardy attached when the first witness was sworn in because the Court never had jurisdiction and the proceedings were a nullity.

Despite this argument, the court dismissed the appeal. The court's order stated in pertinent part as follows:

> The State's appeal of the dismissal of the original juvenile petition [in case No.] 59-53-245 which was not sworn is dismissed because there was no timely appeal (filed by the State, as to that Juvenile Court order.)

> The [S]tate's appeal is dismissed as to the appeal in case No. 59-53-929 because (this Court finds that) once a witness is sworn jeopardy attaches even on a petition that is not sworn. Because jeopardy attached on the original unsworn petition then the State's appeal is dismissed.[2]

The order noted that the transcript of the proceedings was attached and incorporated by reference, but it was not attached to the order in the technical record.[3] Thereafter, the State timely filed an appeal with this Court.

## II.    ISSUES PRESENTED

The State presents the following issues for review on appeal, which we have slightly restated:

1. Whether the constitutional prohibition against double jeopardy precluded the State from filing a second delinquency petition against Defendant after the initial petition was found to be a nullity because it was unverified; and
2. Whether the juvenile court's premature double-jeopardy ruling—made before a second delinquency petition had even been filed and therefore before the issue was ripe for adjudication—compelled the State to fruitlessly appeal the initial dismissal instead of simply curing the initial petition's flaw by filing a second verified petition.

For the following reasons, we reverse the decision of the circuit court and remand for

---

[2] Parentheticals indicate handwritten portions in the court's order.
[3] A supplemental record was filed with this Court in August 2022 which included the circuit court's order with the transcript of the proceedings attached.

further proceedings consistent with this opinion.

### III. STANDARD OF REVIEW

The issues for review on appeal involve double jeopardy principles. These are "question[s] of law with constitutional implications and, as such, our review is de novo with no presumption of correctness afforded to the determinations of the trial court." *State v. Houston*, 328 S.W.3d 867, 875 (Tenn. Crim. App. 2010); *see State v. Davis*, 266 S.W.3d 896, 901 (Tenn. 2008) (citing *State v. Burns*, 205 S.W.3d 412, 414 (Tenn. 2006)).

### IV. DISCUSSION

The State first contends that the prohibition against double jeopardy does not prevent it from filing a second delinquency petition when the initial petition was a legal nullity. We begin with a discussion on the subject of double jeopardy.

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Similarly, the Tennessee Constitution states that "no person shall, for the same offence, be twice put in jeopardy of life or limb." Tenn. Const. art. 1, § 10. The purpose of the protection against double jeopardy has been expressed by the United States Supreme Court and recognized by the Tennessee Supreme Court:

> The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*State v. Pennington*, 952 S.W.2d 420, 422 (Tenn. 1997) (quoting *Green v. United States*, 355 U.S. 184, 187-188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957)). Just like adults, children are entitled to the protections afforded by the Constitution. *Doe v. Norris*, 751 S.W.2d 834, 839 (Tenn. 1988); *see Schall v. Martin*, 467 U.S. 253, 104 S.Ct. 2403, 81 L.Ed.2d 207 (1984); *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *State ex rel. Anglin v. Mitchell*, 596 S.W.2d 779, 789 (Tenn. 1980); *State v. Jackson*, 503 S.W.2d 185 (Tenn. 1973). This includes the protection against double jeopardy, which extends to delinquency proceedings in juvenile court such as the one here. *Jackson*, 503 S.W.2d at 188; *but cf. Burns*, 205 S.W.3d at 418 (concluding that juveniles adjudged delinquent on the basis of an offense which would be a felony if committed by an adult are not entitled to a jury trial upon their de novo appeal to the circuit

court).

A violation of double jeopardy arises "*only* when an individual is twice placed in jeopardy for the same offense." *Pennington*, 952 S.W.2d at 422. Stated differently, "[a] defendant must be put in jeopardy at least once, 'for only if that point has once been reached does any subsequent prosecution of the defendant bring the guarantee against double jeopardy even potentially into play.'" *Id.* (quoting *Crist v. Bretz*, 437 U.S. 28, 32-22, 98 S.Ct. 2156, 2159, 57 L.Ed.2d 24 (1978)). The Tennessee Supreme Court has explained when jeopardy attaches in both jury and nonjury proceedings: "Customarily, in jury proceedings, jeopardy attaches when the jury is sworn, and in nonjury proceedings, jeopardy attaches when the first witness testifies." *State v. Thompson*, 285 S.W.3d 840, 847 (Tenn. 2009) (quoting *Pennington*, 952 S.W.2d at 422 (quoting *Crist*, 437 U.S. at 32-33, 98 S.Ct. at 2160)). Therefore, given that this case involved a nonjury proceeding, jeopardy attaches, and potentially triggers the protection against double jeopardy, when the first witness is sworn to testify. *See State v. Myers*, 581 S.W.3d 173, 182 n.1 (Tenn. 2019) (explaining that "jeopardy attaches in a bench trial, when, *inter alia*, the witnesses are sworn"); *see State v. Daniels*, 531 S.W.2d 795, 801-02 (Tenn. Crim. App. 1975) (holding that jeopardy attaches "after the witnesses are sworn, whether they be sworn singly or in a group").

Yet, our Supreme Court has held that a defendant is not put in jeopardy when a court acts without jurisdiction. *See State ex rel. Austin v. Johnson*, 404 S.W.2d 244, 248 (Tenn. 1966) ("[O]ne is not put in jeopardy when the court which tries him, or attempts to try him, has no jurisdiction of the person or subject matter.") (citations omitted); *State v. Clark*, 2 S.W.3d 233, 237 (Tenn. Crim. App. 1998) (explaining that, by virtue of the void charging instrument, the court had no jurisdiction to impose the defendant's conviction and that jeopardy had not attached because there had been no lawful prosecution of the defendant based on the events which formed the basis of his conviction). The rationale is based on the well-established principle that "[a] court acting without jurisdiction is acting without authority of law, and its decrees are absolutely void." *Sheffy v. Mitchell*, 215 S.W. 403, 404 (Tenn. 1919) (citations omitted); *see In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012) ("[T]he orders and judgments entered by courts without jurisdiction over the subject matter of a dispute are void . . . .") (citing *Brown v. Brown*, 281 S.W.2d 492, 497 (Tenn. 1955)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment . . . ." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer v. State*, 851 S.W.2d 157, 161-64 (Tenn. 1993)). When a judgment is void, it "binds nobody; it bars nobody; it is a nullity, and no judgment at all; and justifies no act done under it." *Hunt v. Liles*, 243 S.W.2d 149, 151 (Tenn. Ct. App. 1950) (citation omitted); *see Hodges v. State*, 45 Tenn. 7, 9 (1867) ("If the tribunal had no competent jurisdiction, or the proceedings were illegal, or the indictment invalid, the conviction will be treated as a nullity."). Additionally, when a judgment is void because the court acts without jurisdiction, it "may be attacked at any time." *Autin v. Goetz*, 524 S.W.3d 617, 629 (Tenn.

Ct. App. 2017); *see Turner v. Turner*, 473 S.W.3d 257, 279 (Tenn. 2015) (noting some exceptions to the general rule). Our Supreme Court has equated a void judgment to "a dead limb upon a judicial tree, which may be cut off at any time . . . ." *Acuff v. Daniel*, 387 S.W.2d 796, 798 (Tenn. 1965); *see Brown*, 281 S.W.2d at 501.

The Court of Criminal Appeals has addressed a similar question as the one presented in this case, although it did not involve a delinquency adjudication in juvenile court. In *State v. Martindale*, which is discussed by the parties, the State indicted the defendant with first degree murder and the case proceeded to trial. *State v. Martindale*, No. M2004-00872-CCA-R3CD, 2005 WL 1190748, at *1 (Tenn. Crim. App. 2005). After the jury was sworn, defense counsel moved to dismiss the indictment on the ground that it failed to charge an offense. *Id.* The trial court agreed, dismissed the indictment, and discharged the defendant. *Id.* However, the court stated that the State could seek another indictment against the defendant if it chose to do so, which it did. *Id.* Upon being re-indicted, the defendant moved to dismiss on the grounds that the indictment violated his constitutional guarantees against double jeopardy, his due process rights, and Tennessee Rule of Criminal Procedure 8. *Id.* The court denied the motion. *Id.* The defendant subsequently entered a "best-interest" plea of guilt to a lesser offense, but reserved a certified question of law regarding the arguments presented in the motion to dismiss. *Id.* at *1-2. On appeal, the Court of Criminal Appeals stated as follows:

> Although cited to by neither party, this Court has previously considered the effects of an indictment which fails to charge an offense. *See State v. Clark*, 2 S.W.3d 233 (Tenn. Crim. App. 1998). In that case, the defendant had been convicted of attempted aggravated robbery. On direct appeal, this Court noticed as plain error that the indictment on which the conviction was based "fail[ed] to charge an offense." *Id.* at 236. Accordingly, this Court determined that "the judgment based thereon is a nullity and cannot stand." *Id.* at 237. Indeed, we noted that "we do not have jurisdiction to affirm a conviction imposed by a court which had, by virtue of the void charging instrument, no jurisdiction to impose the conviction." *Id.*
>
> Of particular import to the instant case, we determined that, because the original prosecution was a nullity, initial jeopardy never attached with respect to the facts underlying the attempted aggravated robbery conviction. *Id.* Relying on this Court's earlier holding that "it is fundamental that a defendant is not placed in jeopardy in a void criminal trial," *Rivera v. State*, 1 Tenn. Crim. App. 395, 398, 443 S.W.2d 675, 677 (1969), we held that, "the state may, within the applicable statutorily prescribed period, obtain a new indictment which conforms to the dictates of Tennessee law and prosecute the defendant accordingly." *Clark*, 2 S.W.3d at 237 (footnote omitted).

The same result obtains here. The Defendant complains that the subsequent

- 6 -

indictment violated his constitutional protections against double jeopardy. However, to be placed in double jeopardy, one must have been previously placed in initial jeopardy. *See State v. Pennington*, 952 S.W.2d 420, 422 (Tenn. 1997) (acknowledging that "[d]ouble jeopardy violations arise *only* when an individual is twice placed in jeopardy for the same offense.") (latter emphasis added). As the *Clark* case makes clear, the Defendant was not placed in jeopardy as a result of the original defective indictment, and the subsequent indictment therefore has not placed him in double jeopardy. The trial court did not err in refusing to dismiss the second indictment on this ground, and this issue is therefore without merit.

*Id.* at *2. Similar to the *Martindale* case, the juvenile court in this case dismissed the initial petition because it was defective. Yet, in dismissing the initial petition, the court here also found that jeopardy attached because the first witness had been sworn. The State did not appeal this dismissal, and consequently the State did not appeal the court's finding that jeopardy attached.

Following the *Clark* and *Martindale* cases, however, the same result obtains here. The initial unverified petition failed to confer jurisdiction upon the juvenile court. Therefore, we find that the juvenile court was without jurisdiction "by virtue of the void charging instrument," i.e., the initial unverified petition. *Id.* (citing *Clark*, 2 S.W.3d at 237). Since any judgment based on the initial petition would have been "a nullity," jeopardy never attached. *Id.* (citing *Clark*, 2 S.W.3d at 237). Indeed, whatever the juvenile court stated in its order regarding jeopardy was superfluous because it was without jurisdiction and its order was void and a nullity. *See In re Baby*, 447 S.W.3d 807, 837 (Tenn. 2014) ("[I]f the juvenile court lacked jurisdiction as to a particular subject matter, its ruling as to that issue is a nullity.") (citing *In re Estate of Trigg*, 368 S.W.3d at 489). It follows then that the second verified petition filed by the State did not place Defendant in double jeopardy.

As such, we conclude that the constitutional prohibition against double jeopardy did not preclude the State from filing a second delinquency petition against Defendant because Defendant was not placed in jeopardy as a result of the initial unverified petition. Based on our conclusion as to the first issue, the State's second issue is pretermitted.

## V. CONCLUSION

For the aforementioned reasons, we reverse the decision of the circuit court and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellee, Isaiah M., for which execution may issue if necessary.

_____

CARMA DENNIS MCGEE, JUDGE